MABEL J. ARMSTRONG, Administratrix, etc., of BRENTON M. ARMSTRONG, Deceased, Appellant, *v.* MAUD DUFFY, Respondent.

Third Department, January 8, 1941.

*Hun, Parker & Reilly* and *William A. Glavin* [*Michael D. Reilly* of counsel; *William A. Glavin* and *Brendan C. Reilly* with him on the brief], for the appellant.

*Eugene B. Winett*, for the respondent.

PER CURIAM. Plaintiff appeals from a judgment dismissing her complaint entered upon a verdict of no cause of action. Her intestate died possessed of a substantial fortune, mostly in currency. A few days before his sudden death he left with defendant a parcel containing $17,000 in bills of varying denominations, the largest $1,000. This action is brought to recover $9,000 thereof which it is said was withheld by defendant from the plaintiff administratrix. She is the widow and defendant a sister of intestate. Defendant asserts that she delivered the $17,000 to the administratrix, who disputes this, saying that the package she received contained only $8,000. An earlier action brought by the present defendant was discontinued. The theory upon which that action was brought is shown by a paragraph of the complaint received in evidence upon this trial.

" *Third.* That on or about the 10th day of October, 1936, the deceased, Brenton M. Armstrong, a brother of this plaintiff, gave to this plaintiff a package of money containing Seventeen thousand ($17,000.00) dollars with the instructions that she was to return it to him (the deceased) at his request but that in the event of his death she was to treat it in all things and respects as her own."

Neither in the pleadings nor upon the trial does the defendant in this action assert ownership, the issue litigated being whether the package of currency handed by her to plaintiff contained $17,000 or only $8,000. Several times during the examination of defendant she was permitted, over the objection of the plaintiff, to testify to a conversation which she says she had with the plaintiff, wherein she gave her version of the transaction with the intestate at the time the money was handed her. " I have a package of money which my brother gave to me and he said ' if anything should happen to me in the meantime, it is yours.' " The conversation between the defendant and her deceased brother was immaterial as to the issue litigated, but it was also inadmissible under section 347 of the Civil Practice Act. (*Griswold* v. *Hart,* 205 N. Y. 384; *Davis* v. *Gallagher,* 124 id. 487.) The unusual in this case is not limited to the handing about of a brown paper parcel containing $17,000 in currency, as the entire estate consisted of $95,000 " in cash money."

The testimony given by defendant that intestate had made a gift to her of the brown paper parcel and contents may well have clouded the minds of the jurors as to the issue to be determined, and induced them to attempt to redistribute in part this unusually invested fortune. The paragraph from the earlier complaint was admissible as an admission by the defendant, who denied in her answer in this case that she received the $17,000 from the intestate. The testimony objected to was both immaterial and prejudicial.

The judgment should be reversed on the law and facts, with costs, and a new trial granted.

HILL, P. J., CRAPSER, BLISS, HEFFERNAN and FOSTER, JJ., concur.

Judgment reversed on the law and facts, with costs, and a new trial granted.