In the Matter of the Claim of KATHERINE CULVER, Appellant, against SEVILLA HOME FOR CHILDREN, Employer, and ÆTNA CASUALTY & SURETY Co., Insurance Carrier, Respondents. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 12, 1941.

*Thomas Cooper Byrnes,* for the appellant.

*Frank L. Ward,* for the employer and insurance carrier, respondents.

*John J. Bennett, Jr., Attorney-General,* for the State Industrial Board, respondent.

BLISS, J. Claimant, a woman seventy years of age, was employed as an attendant in a home for children. She received a cash salary of fifty dollars per month and her room and board at the home. On October 31, 1938, she had finished the day's work and retired to her room for the night. After she had retired she noticed that

she had not opened the window. She got out of bed and proceeded toward the window when she slipped on the oiled hardwood floor, fell and was injured.

The Industrial Board reversed an award by the referee and dismissed the claim on the ground that the accident did not arise out of and in the course of the employment. This decision was based principally upon a finding that at the time of the accident claimant had finished her day's work and was not subject to call after completion of her duties for the day. We believe that the Industrial Board has misinterpreted the decisions dealing with such a situation and that it should be accorded another opportunity to pass upon the claim.

At the time of the accident claimant's hours were from seven-thirty A. M. to six P. M., but once in four weeks she worked until midnight and on certain Sundays worked all day. In another position with the same employer she had worked on night duty. Some called her position supervisor rather than attendant. She helped with the sewing and with the children. Her situation was much the same as that of the deceased employee in *Giliotti* v. *Hoffman Catering Co.* (246 N. Y. 279). There decedent was employed by the week as a hotel chef and slept on the premises. While in his room he was burned to death by a fire which occurred in the hotel from causes unknown. It was held that the accident arose out of his employment as well as in its course. The language of Judge POUND, who wrote for the majority, is unusually appropriate to the case at hand. He said: " The relation of employer and employee did not cease because the employee was off duty. There was a continuity of employment. Sleeping on the premises in a room provided by the employer in the servants' quarters was an incident of the employment, mutually beneficial to employer and employee, not a temporary suspension of it. The parties contemplated that Giliotti when not engaged in work should occupy his room because he was an employee. He was reasonably exercising a right which his contract of service authorized him to exercise. He did not become a boarder when he ceased to cook."

*Underhill* v. *Keener* (258 N. Y. 543) is directly in point. Claimant was employed as a cook in a hotel and occupied a room on the premises. She retired for the night. Early the following morning she got up to go to the bathroom and while on her way there she fell downstairs. It was contended by the appellants that she was not engaged in the performance of any duty, but was on a wholly personal mission. An award of compensation was affirmed.

In *Pisko* v. *Mintz* (262 N. Y. 176) an apartment house janitor who occupied an apartment on the premises was suffocated as the result of a fire which originated in his bed. The claim for

death benefits was disallowed on the ground that the accident did not arise out of the employment. The court was of the opinion that the danger which culminated fatally to Pisko was in no way connected with the place that he was obliged to occupy under the terms of his employment. The fire was occasioned not by reason of the place which he occupied but apparently from some personal act of Pisko himself. Consequently the death did not result from an accident arising out of the employment. There seemed to be no doubt about Pisko's being in the course of his employment. Judge CRANE, writing for an unanimous court, said that they had already recognized that some workmen were obliged through the nature of their employment to remain upon the premises or in buildings all of the twenty-four hours of the day and cited the *Giliotti* and *Underhill* cases.

. In all of these cases and in others which could be cited, it has been generally held that an employee who, as a part of the contract of employment, occupies a room on the premises, remains in the course of such employment while on the premises, even though not at the moment actually performing some particular service to the employer. The occupation of a room on the premises is a part of the service and of benefit to the employer as well as to the employee. This is particularly true in the case of an employee who is engaged by the month or week instead of by the day. In the instant case the fact that claimant occasionally worked until midnight and on Sundays, made her living on the premises of added convenience to the employer. The fact that she had finished her particular duties for the day and had retired to her room did not take her out of her employment and is not a decisive factor.

The accident was caused by a condition in the employer's premises, which as a part of her contract of employment she was then occupying, so that clearly it arose out of her employment. The danger which resulted in her injuries was one to which her employment exposed her. It was a defect in the premises and not something entirely disassociated from her employment.

A proper consideration of all the facts in this case would amply sustain a conclusion that claimant was in the course of her employment when injured and that the accident arose out of such employment. The decision should be reversed and the matter remitted to the State Industrial Board.

HILL, P. J., HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Decision reversed, with costs to the appellant against the State Industrial Board, and matter remitted to the State Industrial Board.