In the Matter of the Claim of MARY E. MARTIN, Respondent, against EDWARD PLAUT et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant, working as a cook, lodging and living upon the employer's premises, fell while dressing and received the injuries for which compensation has been awarded. (*Matter of Hoffman* v. *New York Central R. R. Co.*, 290 N. Y. 277; *Matter of Culver* v. *Sevilla Home for Children*, 262 App. Div. 620; second appeal 266 App. Div. 705, motion for leave to appeal denied 290 N. Y. 930.) Award affirmed, with costs to the State Industrial Board. All concur. [See *post*, p. 1007.]

In the Matter of the Claim of FRED MATISE, Appellant, against MUNRO WATER-PROOFING COMPANY et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by claimant from an award of workmen's compensation made by the State Industrial Board for reduced earning capacity, which modified, by reducing, a previous award in favor of claimant made by a referee. The referee awarded claimant compensation at the rate of $24.36 per week which the Industrial Board reduced to $17.95 per week on the ground that the medical evidence showed that claimant had an earning capacity of 50% of that prior to the accident. Claimant, who had a defect in the right leg which predated the present accident, suffered serious injuries on August 5, 1940. He recovered so that he could do certain kinds of work. The Industrial Board found that he had a greater earning capacity than that reflected in his actual earnings of $17 per week and that he was capable of earning 50% of his former full time earnings of $53 per week. This was a question of fact and there is substantial evidence to support the finding. Award affirmed, without costs. All concur. [See *post*, p. 1007.]

In the Matter of the Claim of DORA WILLIAMS, Respondent, against BARNET BRODIE, INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by an employer and its insurance carrier from an award of the State Industrial Board in favor of Dora Williams, a dependent crippled child who is over eighteen years old, on account of the death of her father, the deceased employee. The only question here is whether or not dependency has been established. The Industrial Board found that it had, and the determination is amply sustained by the evidence. Award affirmed, with costs to the State Industrial Board. All concur.

In the Matter of the Claim of FRANK J. BOEHM, Respondent, against STANDARD TUBE SALES CORPORATION et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award and decision of the State Industrial Board pursuant to the provisions of the Workmen's Compensation Law in favor of claimant. The sole question raised on this appeal is whether the accidental injuries arose out of and in the course of claimant's employment. The Board found that the claimant sustained an accidental injury arising out of and in the course of his employment. There is ample evidence to sustain the finding and the award should be affirmed. Award affirmed, with costs to the State Industrial Board. All concur.

In the Matter of the Claim of EMMA A. PHELPS et al., Respondents, against USHCO MANUFACTURING COMPANY, INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from dependency award. Decedent sustained an injury while working. There is medical testimony from which causal relation may be found. Award affirmed, with costs to the State Industrial Board. All concur.