#### (January 19, 1949.)

In the Matter of the Claim of FLORENCE STEPHENS, Respondent, against HUDSON MAINTENANCE Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from decisions and award of death benefits made by the Workmen's Compensation Board in favor of claimant. Decedent met with fatal accident while working for employer-appellant, a domestic corporation, as a painter on a steel railroad bridge at Havre De Grace, Maryland. He was hired in New York City for that particular employment. His contract of hire was not general nor indefinite as to the location of employment, and the job or project, to which the hiring was solely referable, was a distinct and separate unit of the employer's business activity for which it had contracted as a complete undertaking. Under the rules stated in *Matter of Cameron* v. *Ellis* (252 N. Y. 394) and applied in *Matter of Copeland* v. *Foundation Co.* (256 N. Y. 568) and *Matter of Amaxis* v. *Vassilaros* (258 N. Y. 544) it must be held that the location of the place of decedent's employment was in Maryland and thus beyond the reach of our statute (Workmen's Compensation Law). (See, also, *Matter of Zeltoski* v. *Osborne Drilling Corp.,* 264 N. Y. 496; *Matter of Bagdalik* v. *Flexlume Corp.,* 281 N. Y. 858; *Matter of Jensen* v. *Boudin Contr. Corp.,* 283 N. Y. 572.) Decisions and award reversed and claim dismissed. Foster, P. J., Brewster, Deyo, Santry and Bergan, JJ., concur.

In the Matter of the Claim of MARY ANN LA VIOLETTE, Appellant, against CHISHOLM RYDER COMPANY, INC., et al., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board disallowing a claim for death benefits. There is evidence to support the conclusion that the decedent's death was not due to an accidental injury within the meaning of the Workmen's Compensation Law. The obvious error in the findings is inconsequential and does not go to the merits of the case. Decision unanimously affirmed, without costs. Present — Foster, P. J., Brewster, Deyo, Santry and Bergan, JJ. [See 275 App. Div. 725.]

In the Matter of the Claim of CORNELIUS MADIGAN, Deceased, Respondent, against UNITED HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from award of the Workmen's Compensation Board in death case. Deceased was employed as porter in hospital. As part of his compensation he was furnished room, board and laundry. He fell in the bathroom in the building of his employer where he roomed. Death resulted. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Brewster, Deyo, Santry and Bergan, JJ. [See 275 App. Div. 725.]