Appeal by an employer and its insurance carrier from an award of death benefits to the widow of a deceased employee. The employer was engaged in the business of operating a sanitarium for the cure of nervous and mental diseases. Decedent was employed to assist in the preparation of food and other kitchen duties. He was paid $120 or' $130 a month in addition to board and room. The value of the room and board was, $45 a month. Decedent’s hours of employment were from 6:00 a.m. to 12:30 p.m. and from 4:00 p.m. to 7:00 p.m. five and one-half days per week. Decedent completed his duties on Friday evening March 26, 1948, and was not scheduled to return to work until 6:00 a.m. the following Sunday. On the evening of March 26th decedent visited a coemployee who lived on the third floor of the male helpers’ cottage. After completing his visit and at about 11:00 p.m. as he was proceeding on the stairway from the third floor to the second floor he fell and sustained *915 injuries from which he died two days later. There is some evidence in the record that decedent was subject to call in an emergency. The accident was unwitnessed. The board found that it arose out of and in the course of decedent’s employment. The evidence sustains that finding. Award affirmed, with costs to the Workmen’s Compensation Board, on the authority of Matter of Madigan v. United Hosp. (274 App. Div. 1077, motion for leave to appeal denied 299 N. Y. 799). Heffernan, Brewster and Bergan, JJ., concur; Foster, P. J., dissents, in the following memorandum, in which Coon, J., concurs: I dissent and vote to reverse and dismiss. As I read the evidence there is none to sustain the finding that decedent was in the course of his employment at the time the accident happened. It seems to me that the case of Matter of Hall v. City of New York (258 App. Div. 830, affd. 282 N. Y. 708) controls.