In the Matter of the Claim of GUS WALKER, Respondent, against JOHN NAROLEWSKI, Doing Business as RAINBOW INN & RAINBOW DRIVE-IN, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

APPEAL by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board, the sole issue arising upon appellants' contention that the accident and injury did not arise out of and in the course of the employment.

Claimant worked six days a week, between the hours of 9:00 A.M. and 9:00 P.M. or 10:00 P.M., as a cook and dishwasher in employer's restaurant and slept on the premises. After retiring, he got up in the night to straighten up because of a " charley horse " and slipped and fell on the waxed floor of his room, thereby sustaining a fracture of his hip.

Claimant had worked for the employer and lived on the premises for about four years, under an agreement whereby he was paid $25 per week and furnished his room and board. He was not subject to call after finishing his work at night. Asked by the referee why he slept on the premises, he said, " Because that was the agreement. So much salary, room and board." The employer did not testify

but the answer served by him and a coemployer, in an action in negligence brought by claimant (after the referee's initial disallowance of the claim herein) alleged as a defense that at the time of the accident plaintiff was in the defendants' employ; that his injuries arose out of the course of the employment; that defendants had secured workmen's compensation for their employees; and that plaintiff was entitled to receive the compensation benefits provided for him under the Workmen's Compensation Law.

Claimant's testimony as to the contract of employment; the employer's interpretation of it, implicit in the allegations of his pleading above alluded to; and the fact of the long and late hours of the employment; constituted substantial evidence that claimant's residence on the premises was " a part of the service and of benefit to the employer as well as to the employee ". (*Matter of Culver* v. *Sevilla Home for Children*, 262 App. Div. 620, 622, citing *inter alia, Matter of Giliotti* v. *Hoffman Catering Co.*, 246 N. Y. 279.) As in the *Culver* case (where claimant, off duty and not subject to call, slipped and fell on the oiled hardwood floor in her bedroom), " The accident was caused by a condition in the employer's premises, which as a part of her contract of employment she was then occupying, so that clearly it arose out of her employment." The affirmance of the award in *Matter of Madigan* v. *United Hosp.* (274 App. Div. 1077), motion for leave to appeal denied 299 N. Y. 799) was (as disclosed by the record on appeal) upon facts markedly similar to those in the instant case. (See, also, *Matter of Lewis* v. *River Crest Sanitarium Co.*, 277 App. Div. 914, affd. 302 N. Y. 655.) Dean Larson aptly remarks upon the analogy between the factual situation in cases such as that before us and that of a plant worker injured during a rest period on the premises. (1 Larson on Workmen's Compensation Law, § 24.30, pp. 379–381.)

Our decision in *Matter of Groff* v. *Uzzilia* (1 A D 2d 273, affd. 2 N Y 2d 840) does not support appellants' position. On the contrary, we there said (p. 275): "A sharp distinction must be drawn between the cases of employees who are required to live on the employer's premises, *either by virtue of the contract of employment or by reason of the nature of the employment*, and cases of employees who are merely permitted to reside on the premises for their own convenience but who are not required to do so." (Emphasis supplied.) We found claimant Groff to be in the latter classification but consider that the board could properly find the case of this claimant-respondent within the category first stated. In our view, the testimony elicited from claimant on cross-examination which seems to be the basis of appellants' argument and the factual basis of the dissenting memorandum as well, is no more than conjecture. For example, claimant was asked, "*if* you had been working there and receiving $40 a week and stayed somewhere else, the salary *would have been* $40 a week? " He replied, " I *presume* that *would have been it* ", following which he reiterated that the agreement was as he had stated it. Neither do we give to the allegation of a rental arrangement in claimant's complaint in his action at law weight and effect comparable to that accorded the allegations of the defendant's answer. The referee's initial disallowance of the claim in compensation rendered necessary and proper the position which claimant assumed in the action subsequently brought.

Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Gibson and Reynolds, JJ., concur.

Herlihy, J., dissents, in the following memorandum.

This is an appeal by the employer-carrier appellants from a decision of the Workmen's Compensation Board which reversed a prior decision by the referee and made findings dated October 10, 1954, filed in the office of the

Workmen's Compensation Board on October 26, 1954, which held that the claimant sustained an accident arising out of and in the course of his employment and awarded compensation to the said claimant.

The claimant worked for the said employer as a cook and dishwasher six days a week and received as compensation therefor $25 a week, together with his room and board which was computed to be $15 a week, making the total compensation $40. Claimant so testified and employer's report of injuries verified these facts. The working hours of the claimant were from 9 o'clock in the morning until approximately 10 o'clock in the evening, six days a week. The restaurant was closed on Monday and on the night of October 26 (Monday), claimant went to his room provided by his employer on the premises and some time in the early morning of October 27 he got out of bed because as he testified he suffered from a "charley horse", slipped on the floor and sustained personal injuries. There was evidence that the floor was waxed and further evidence of a rug on the floor.

The only question on appeal is whether the accident and the resulting injuries (which are undisputed) arose out of and in the course of claimant's employment within the purview of subdivision 7 of section 2 of the Workmen's Compensation Law. The principal point raised by the appellants is that at the time of the injury the claimant was engaged in personal activities and that living on the premises was not a necessary part of his employment.

The evidence before the referee established the facts mentioned above and further that he was not required to work after his regular hours nor to be present in case of emergencies. It was primarily a matter of his own convenience as best expressed by the claimant in response to a question, "I have to sleep some place." There was a fair inference from the testimony that he would receive $40 a week if he did not reside on the premises. The hours of employment, 9 o'clock in the morning until 9-10 o'clock in the evening, if anything, would tend to dispute the necessity or obligation to live on premises and confirm the contention of convenience to claimant. Under these circumstances the referee found that he was not entitled to compensation as the accident did not arise out of and in the course of his employment. He was correct unless it can be said that the testimony concerning the wage agreement made the room furnished to the claimant an integral part of his employment. It has been held otherwise in *Matter of Groff* v. *Uzzilla*, (1 A D 2d 273) where the claim was dismissed.

In the record on appeal there appears a summons and complaint in which claimant alleges that he *rented* a room and an answer in which defendant as part of an affirmative defense alleges that the injuries (the ones here in question) were caused to the claimant while in the employ of the defendants; that they arose out of and in the course of his employment; that the defendants provided workmen's compensation coverage, mentioned the name of the insurance company; that the said claimant was entitled to receive compensation benefits.

The finding of the board follows: No. 6. "Gus Walker instituted an action against John Narolewski. The attorney for Gus Walker, in a brief submitted to the Workmen's Compensation Board, alleges that John Narolewski interposed an affirmative defense asserting that at the time of the accident, Gus Walker was an employee of the defendant and that his injuries arose out of and in the course of his employment." The only evidence that these pleadings were before the board is the certification of the secretary.

There is no question that the pleadings in the Supreme Court action, if properly admitted in evidence before the referee or before the board, could be considered as an admission, although not conclusive. The answer was not verified by defendants. (*Armstrong* v. *Duffy,* 261 App. Div. 41; *Armieri* v. *St. Joseph's*

*Hosp.,* 159 Misc. 563, 565; *Walsh* v. *New York Central & Hudson Riv. R. R. Co.,* 204 N. Y. 58, 66.)

The pleadings in this action, instituted by claimant after a denial of compensation by the referee, are of little probative value in determining the issue now before this court.

In the *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works* (304 N. Y. 65, 71), the court said: " This does not mean that the reviewing court will substitute its judgment for the considered judgment of the administrative tribunal. It does mean, however, that it will apply the only available objective test to determine whether the administrative tribunal did in truth exercise such considered judgment and that it will insist upon ' such relevant evidence as a reasonable mind might accept as adequate to support a conclusion ' ".

Taking into consideration the above rule, there is no substantial evidence to sustain the decision of the Workmen's Compensation Board, unless it be the so-called wage agreement under which claimant received his room. This court has already decided that doctrine in *Matter of Groff* v. *Uzzilla* (1 A D 2d 273, *supra*) and *Matter of Medina* v. *Shore Road Hosp.* (4 A D 2d 974).

In the *Uzzilla* case, the court said at page 275: " A sharp distinction must be drawn between the cases of employees who are required to live on the employer's premises, either by virtue of the contract of employment or by reason of the nature of the employment, and cases of employees who are merely permitted to reside on the premises for their own convenience but who are not required to do so. This case clearly falls within the second category (1 Larson on Workmen's Compensation Law, § 24.40). The decedent was not required to reside on the premises. His residing there did not serve his employer's convenience. He had fixed hours of employment; he was not on call for the performance of duties at any other time. He was allowed to reside on the premises as a favor, for his own convenience."

In the same case, Foster, P. J., and Bergan, J., in a dissenting opinion, urged the same position taken by the Workmen's Compensation Board in this case but the majority opinion of this court was unanimously affirmed by the Court of Appeals. (See 2 N Y 2d 840.)

The cases cited by the Workmen's Compensation Board in its decision (*Matter of Madigan* v. *United Hosp.,* 274 App. Div. 1077 and *Matter of Lewis* v. *River Crest Sanitarium Co.,* 302 N. Y. 655) are distinguishable, since these cases apparently went upon the fact that the injured or deceased employee was on call regularly or in emergencies or required to sleep on the premises for other reasons. In the instant case, it apparently did not make any difference to the employer where he resided. (See, also, *Matter of Congdon* v. *Klett,* 307 N. Y. 218.)

In my opinion the award should be reversed and the claim dismissed.