In the Matter of the Claim of JOSEPHINE C. LANE, Respondent, v. FORT NECK DREDGING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.*

Gibson, P. J.,
Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *per curiam.*
Herlihy, J., dissents and votes to reverse and dismiss in the following memo-
randum. The background of this case is set forth in the majority opinion.
The general rule is that other than an outside worker, an employee is not
within his employment in mere travel from his residence, temporary or other-
wise, to the place of work. This rule has several exceptions, i.e.: if an employee
receives travel pay for the travel, he is within his employment (see *Matter of*

*Fisher* v. *Otis Elevator Co.,* 28 A D 2d 598); if an employee receives lodging at a particular place as a part of his compensation or is required by his employer to live in a particular building, he is within his employment. (See *Matter of Madigan* v. *United Hosp.,* 274 App. Div. 1077, mot. for lv. to app. den. 299 N. Y. 799; *Matter of Meissner* v. *Good Samaritan Hosp. of Suffern,* 271 App. Div. 1041, app. dsmd. 296 N. Y. 1001; *Matter of Galvez* v. *Gold Coast Enterprises,* 23 A D 2d 600.) These decisions, cited by the majority, are all readily distinguishable. In the present case the contract of employment between the employer and the union at best provided that *if* lodging owned by the employer was available at the place of work the employee could, at his election, receive such lodging and meals upon payment of a nominal price of $1.25 per day or $8.75 per week. Lodging and meals were not available for this employee and so he received $10 per week in lieu thereof, again pursuant to the contract of employment. A representative of the union testified that the amount paid was "subsistence pay" according to the terms of the contract. The decisions allowing a recovery to an employee who receives lodging and meals at the employer's expense at a particular location-place have required that such lodging by the terms of the employment be either as compensation or for the benefit of the employer and that, therefore, the premises were a part of the precincts of employment and any reasonable activity therein was contemplated by the contract of employment. (See *Matter of Kaplan* v. *Zodiac Watch Co.,* 27 A D 2d 680.) The present case does not fit within that theory. The residence in this case was not on the work site, nor was it furnished by the employer. Further, it does not appear that the employee was required to live in any particular place for the benefit of the employer. The case of *Matter of Houghton* v. *Babcock & Wilcox Co.* (9 A D 2d 575, mot. for lv. to app. den. 7 N Y 2d 705), relied upon by the majority, is somewhat similar to the present case in that there the employee did not reside on the work site, and he was not required to live in any particular residence for the benefit of the employer. That case, however, dealt with the status of an employee temporarily assigned to a place of work other than his permanent place of employment. In the present case the employment at the work site was permanent insofar as the work at that site was concerned. (See *Matter of Benjamin* v. *Kaplan Elec. Co.,* 8 A D 2d 239, affd. 9 N Y 2d 801.) The decedent in the present instance was not required to live on the barge, assuming that there had been proper accommodations. He was not required to live at any particular place or location but was given an allowance in accordance with the agreement between his employer and the union representing the employees. The board found that "the decedent was given an allowance towards the cost of sleeping and eating because the dredge to which he had been assigned lacked adequate facilities" and then concluded that the decedent "was on his way to work at the dredge to which he was assigned [the accident] arose out of and in the course of his employment". There is no dispute in this record that the allowance was not for travel but for subsistence. The board in its decision apparently completely overlooked the intent and purpose of the employment contract and there is no basis in fact or in law for its conclusion. The decision should be reversed and the claim dismissed.