In the Matter of the Claim of ANNE SCHNEIDER, Appellant, against UNITED WHELAN DRUG STORES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board which reversed a decision of the Referee and disallowed the award granted to widow claimant. Decedent, a tax consultant for the tax division of United Whelan Drug Stores, maintained his residence in New York City and did most of his work in the New York office of his employer. Occasionally, he was called upon to take business trips to other cities in the United States and, as a usual practice, he traveled with, and was under the direct supervision of, one McDonough, the manager of the tax division. During these trips, all expenses were paid by the employer. It was the usual practice for McDonough to handle all details with regard to travel, such as hotel accommodations, duration of stay and return reservations. On October 2, 1952, decedent and McDonough flew to Miami, Florida, on a business trip, McDonough having procured reservations for a return flight to New York scheduled for Monday, October 6, 1952, at 8:30 A. M. Having completed all their work in Miami on Sunday morning, October 5th, decedent and McDonough accepted the invitation of a local employee of the company to go on a short boat trip. During the course of the trip, the boat capsized and the decedent was drowned. The board, in disallowing the widow's claim, found that the decedent was engaged in a purely personal act which was entirely disassociated from his employment and that therefore the fatal accident sustained by decedent did not arise out of and in the course of his employment. In arriving at this decision, the board apparently failed to consider the many recent decisions to the effect that when an employee is required to travel to a distant place on the business of his employer and is directed to remain at that place for a specified length of time, his status as an employee continues during the entire trip, and any injury occurring during such period is compensable, so long as the employee at the time of injury was engaged

in a reasonable activity. (*Matter of Lewis* v. *Knappen Tippets Abbett Eng. Co.,* 304 N. Y. 461; *Matter of Davis* v. *Newsweek Mag.,* 305 N. Y. 20.) The duration of decedent's expected stay in Miami had been planned in advance by his superior who had procured airline reservations for the return trip. Hence, although the assigned work had been completed, decedent's remaining in Miami cannot be said to have been for a purpose other than one incidental to his employment. The board did not find that the decedent's participation in the boat trip was an unreasonable activity but the respondents' counsel seeks to sustain the board's decision upon that ground. Apart from the fact that the board made no such finding, we do not believe that the evidence on the record before us supports the contention that the act of boating was unduly hazardous. Decision reversed and the matter remitted to the board for further consideration, with costs to the appellant against respondents. Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ., concur.