■ DONATO RICCI et al., Appellants, v. HANS BAADER et al., Respondents. — In an action to determine claims to real property (1st cause of action) and to impress a constructive trust thereon on the ground of fraud (2d cause of action), the appeal is from a judgment dismissing the complaint entered after trial before an Official Referee to whom the action had been referred to hear and determine. Judgment unanimously affirmed, with costs. Both the first and second causes of action were properly dismissed. With respect to the second cause of action, while the learned Official Referee assigned no specific reason for the dismissal, it is clear from the record that the evidence adduced was insufficient to establish fraud. There was an absence of proof (a) showing any intent by respondents Baader and Karp to defraud appellants, and (b) showing any reliance by appellants on any alleged misrepresentation by said respondents. Nor did the letter sent August 29, 1953 by respondent Baader to appellant Rich constitute a waiver of the statutory redemption period so as to estop respondents from invoking that period. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

## THIRD DEPARTMENT, MARCH, 1958.

### (March 5, 1958)

■ In the Matter of the Claim of BETTY ALWINE, Respondent, against HAINES CAR-RIERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent worked for the employer as a driver of tractor-trailers used in transporting new automobiles. Work was assigned to

such drivers, in the order of their seniority with the employer, each morning when automobiles were available for shipping at the employer's lot in Buffalo. To be assigned work it was required that the driver report to the company representative. Wages were paid for actual time devoted to driving loaded trailers after assignment of work. While sleeping in his own car on the employer's lot waiting for an opportunity in proper seniority to get an assignment of work in the morning, the decedent employee died of carbon monoxide poisoning. The problem presented is first, whether, as appellants argue, decedent "was not an employee" at the time of his death; and if he was, whether the death arose out of and in the course of employment. Decedent lived in Camden, New Jersey, and he was directed by the employer to travel to Detroit and there drive an empty tractor-trailer unit to Buffalo. He received no specific wage for this, but the employer and employee both expected that direction to move the employer's equipment from Detroit to Buffalo would be obeyed and treated as a part of the employment, and that this work would be deemed paid for by absorption in the wages paid after actual assignment of a loaded trailer. Thus the proof is strong that decedent had travelled a considerable distance from his home in New Jersey and was in Buffalo at the direction of the employer and in its business, a direction directly connected in respect to wages, at least, with the subsequent assignment of work. Decedent arrived in Buffalo March 21, 1954 and reported to the employer and was told by the employer's manager that cars were expected to arrive by boat on March 24. Under the practice of the employer, to be assigned to work on that day it was necessary for decedent to be on the lot at 8:30 A.M.; but since assignment was made in order of seniority decedent might or might not then get an assignment. There is proof, however, that for the purpose of assignment he was "told to come at that time" and that it was the practice for this purpose that the decedent "had to report every morning at the Buffalo office at 8:30". There is proof also that employees slept in their cars on employer's lot waiting for boats to arrive and that the employer knew of this practice. Decedent had worked for the employer for about a year; his name appeared on the employer's "seniority list"; there was a rule of the employer that he was not permitted to drive for any other company while waiting for a load and if he did so would lose his seniority. A group life insurance policy had been issued for the decedent in connection with a welfare fund and although other employers took part in it the record establishes that it was in some part maintained by the employer and the employer's name appeared on the policy issued to decedent and on the draft issued in payment by the insurance company to the widow. All of these circumstances support adequately the finding that decedent was an employee of employer when he died. His presence in Buffalo; the directions given him; the course of practice followed in listing his name and other factors all suggest employment did not begin and end at each assignment of work, but continued so that on the night of his death decedent was in such employment. We think that the death arose out of and in the course of employment. Decedent was far from his home at the direction of his employer; he was waiting for further assignment in accordance with custom and practice; and even if the added factor did not exist that he was present on the employer's premises waiting in accordance with the employment practice, his death would ordinary be deemed covered within decisions such as *Matter of Schreiber* v. *Revlon Prods. Corp.* (5 A D 2d 207); *Matter of Schneider* v. *United Whelan Drug Stores* (284 App. Div. 1072); *Matter of Daly* v. *State Ins. Fund* (284 App. Div. 174); *Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co.* (304 N. Y. 461); *Matter of*

*Tushinsky* v. *National Broadcasting Co.* (265 App. Div. 301, appeal dismissed 292 N. Y. 595); *Matter of Commissioner of Taxation* v. *Katherine Gibbs School* (277 App. Div. 126, motion for leave to appeal denied 301 N. Y. 813); *Matter of Blake* v. *Grand Union Co.* (277 App. Div. 914, motion for leave to appeal denied 301 N. Y. 813). Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.