In the Matter of the Claim of ESTHER LEONARD, as Welfare Officer, Respondent, against PEOPLES CAMP CORPORATION et al., Appellants, and VOCATIONAL REHABILITATION FUND et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 31, 1959.

*George J. Hayes, Charles G. Tierney* and *Morris N. Lissauer* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Roy Wiedersum* and *Edward Bailey* of counsel), for Workmen's Compensation Board, respondent.

*John M. Cullen* for Special Funds, respondent.

Gibson, J. An employer and its insurance carrier appeal from a decision and award of the Workmen's Compensation Board for death benefits. The sole issue arises upon appellants' contention that decedent's death by drowning in appellant employer's lake did not arise out of and in the course of the employment.

Decedent was hired at New York City in May, 1957 to work as a laborer at appellant employer's camp at Highland Mills which was to open on June 30. He was to be paid $120 to $125 per month plus room and board on the premises and was to work six days per week, his day off being Saturday. On the morning of May 25, his day off, he drowned in the lake, which he had apparently entered for the purpose of bathing or swimming. In affirming the Referee's award of death benefits, the board held that '' it could be inferred that the fact that recreational facilities existed was an added inducement of hire '' and cited *Matter of Simons* v. *The Hedges* (286 App. Div. 1044). We are unable to say that, upon the entire record, such an inference was unreasonable. The distinctions which appellants would draw as between the *Simons* case and this seem to us not greatly important and are not, in any event, relevant to the '' inducement of hire '' theory adopted by the board, which in *Simons,* as here, was largely a matter of inference, appellants' reference to the *Simons* record as to the contrary being inaccurate. However, the award may, in our view, be sustained upon other and broader grounds as well.

The lake, extending about 700 feet along each shore, was owned by appellant employer, being completely surrounded ·by the camp's lands of some 285 acres. Thus the accident occurred upon the employer's premises.

The camp was about 50 miles from New York City, where decedent was hired — this distance being in his case, perhaps, not inconsiderable — and it was not unreasonable for him on his one free day to remain at the camp, described as '' a self-contained unit '', and there to indulge in normal and reasonable activities. The only testimony adduced was that of appellant employer's manager and its caretaker and while each denied express permission for employees to use the lake, one said that

he had never forbidden swimming, that employees customarily used the lake for fishing, and that on their days off the employees had " the run of the ground " and that he did not " care particularly what they did on the grounds as long as they weren't destructive ". This same witness said that in an emergency he would feel free to call upon decedent to perform work on his day off. (Cf. *Matter of Lewis* v. *River Crest Sanitarium Co.*, 277 App. Div. 914, 915, affd. 302 N. Y. 655.) The facts seem to us to bring the case within the reach of such authorities as *Matter of Madigan* v. *United Hosp.* (274 App. Div. 1077, motion for leave to appeal denied 299 N. Y. 799). *Matter of Caney* v. *Straight* (274 App. Div. 1077), involving an injury sustained by an off-duty but on-call employee engaged in the personal act of returning a book, is also in point. The evidence would also support an award under the principle that " the employment status continues during the normal activities of an employee required to travel or sojourn at a distance from his home." (*Matter of Eixman* v. *Rothman's East Norwich Inn*, 6 A D 2d 911.) That swimming or bathing was a reasonable activity, under all the circumstances, might well be found. (*Matter of Schreiber* v. *Revlon Prods.*, 5 A D 2d 207; *Matter of Schneider* v. *United Whelan Drug Stores*, 284 App. Div. 1072.)

Appellants cite, as barring an award, Professor Larson's formulation of the principles under which recreational activities have been held within the course of employment (1 Larson, Workmen's Compensation Law, § 22.00). One instance recognized, however, is when such activities " occur on the premises during a lunch or recreation period as a regular incident of the employment ". (*Op. cit.*, p. 328; *Matter of Bowen* v. *Saratoga Springs Comm.*, 267 App. Div. 928.) There being some evidence of a " custom or practice " (*op. cit.*, p. 331) on the part of employees to use the lake for at least one form of activity, but the employees having, in any event, " the run of the ground " in their off time, this case does not greatly differ from those of the lunch or recreation period accidents referred to in the text. Indeed, the author recognizes that the rule as to lunch time and rest period injuries might logically be extended to accidents during the off-duty periods of resident employees not on call (*op. cit.*, pp. 380–381) but, our decision being predicated on other grounds, we do not reach that question in this case.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

Foster, P. J., Bergan, Herlihy and Reynolds, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.