In the Matter of the Claim of FLORENCE G. ORPIN, Appellant, v. D. P. BROTHER AND COMPANY, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 17, 1962.

*Markhoff, Gottlieb & Harkins* (*Abraham Markhoff* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

*Charles J. Jones* (*Anne G. Kafka* of counsel), for D. P. Brother and Company, Inc., and another, respondents.

REYNOLDS, J. Decedent was employed under a personal services contract by D. P. Brother & Co., Inc., as a piano player in an orchestra which was to tour the United States as part of an advertising program. In October, 1955, when decedent's death occurred, the orchestra was appearing at the Hilton Hotel in Fort Worth, Texas. Decedent worked until the week end of October 8 and then left to visit some friends in Dallas. He returned to the hotel Monday morning at approximately 7:30 A.M. but failed to attend a rehearsal scheduled for 9:30 A.M. His body was found later that morning in his hotel room in a bathtub, which was filled to the overflow. An autopsy was performed and it was determined that death was caused by asphyxiation due to drowning. According to the report of a toxicologist, an analysis of decedent's blood revealed a blood alcohol level of 342 milligrams per cent. The report further indicated that when the alcohol content of the blood in any individual reached 250 milligrams per cent or higher, the individual is intoxicated. Evidence was introduced on behalf of claimant that decedent was under the jurisdiction of the employer while on tour; that he was subject to call at all times; and that the employer arranged for hotel accommodations.

In *Davis* v. *Newsweek Mag.* (305 N. Y. 20, 26-27) the Court of Appeals, reviewing the compensation cases dealing with the question of what activities of an employee away from home resulting in accidents arise out of and in the course of his employment, stated: "Careful examination of these cases reveals that there is one operative factor common to all. In each and every instance the employee has been directed, *as part of his duties,* to remain in a *particular* place or locality until directed otherwise or for a specified length of time. In those circumstances, the rule applied is simply that the employee is not expected to wait immobile, but may indulge in any *reasonable* activity at that place, and if he does so the risk inherent in such activity is an incident of his employment."

Appellant attempts to bring the facts of the present case within the reach of the above statement. However, the court in *Davis* also pointed out that " there can be no compensation for injuries arising out of purely personal activities not directly related to the employment.'' (p. 26.) The board, in the instant case, found that the taking of a bath was purely a personal act, which bore no relationship to decedent's employment as a musician and was not caused by reason of his being at the hotel. We agree.

The facts in *Matter of Davidson* v. *Pansy Waist Co.* (240 N. Y. 584) (cited by the Court of Appeals in *Davis, supra,* for the rule that an accident resulting from purely personal pursuits is not compensable) are very similar to those in the instant case. (Cf. *Matter of Seaman* v. *Hewlett Fire Dept.,* 8 A D 2d 573.)

The decision should be affirmed, without costs.

BERGAN, P. J. (dissenting). If the board had found in this case that the death of the claimant's husband was due solely to intoxication there might possibly be a justification in the record for dismissing the claim, since the statute provides " there shall be no liability for compensation under this chapter when the injury has been solely occasioned by intoxication " (Workmen's Compensation Law, § 10).

But the presumption of the statute is against intoxication as a sole cause of the injury (§ 21, subd. 4) and the board has not found that death was caused solely by intoxication. All the board says on this subject is in the enigmatic sentence: " A percentage of 342 mgs. of alcohol in the blood was found.'' This has no relevancy whatever to the decision unless the board integrates it in some way with the case in hand to find either that this made the decedent intoxicated and was the sole cause of his death; or that it made him intoxicated and it was not the sole cause of his death.

We have no power whatever to hold, on a decision in this form, that the board meant to find both that he was intoxicated and that the intoxication was the sole cause of his death. On the contrary, the presumption of the statute requires us to consider that his death was not caused solely by intoxication; and the failure of the board even to find he was intoxicated requires us, in view of subdivision 4 of section 21 additionally to treat the appeal as one in which intoxication has not been established factually.

The basis of the board's decision dismissing the claim is very clear. It is that taking a bath was, in the board's words, " purely

a personal act and bears no relationship to his employment as a musician ''. This would be true enough if decedent had fallen at home while taking a bath; but the direction of decisional law in New York is very clear that when an employee is required by his work to be very far distant from his home and he is removed from his customary environment, the usual normal activities of life in the distant and employment-required environment fall within the scope of employment.

Decedent lived in New York and was required by the employer to be at Fort Worth, Texas, over 1,500 miles from home when he sustained the bathtub accident. The employer must expect that the employee would eat his meals, dress and undress, take a bath, have reasonable exercise and recreation in this distant place to which it had brought him in the course of employment.

An illustration of this principle is *Matter of Schreiber* v. *Revlon Prods.* (5 A D 2d 207), where the claimant, a traveling trainee consultant in the cosmetic products of employer was required to move continuously from city to city in an eastern territory. She fell on the street while she was returning to her hotel after having eaten dinner in a restaurant. Going out to dinner and returning to her hotel was held to be within the area of her employment. On the basis of *Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co.* (304 N. Y. 461) and *Matter of Tushinsky* v. *National Broadcasting Co.* (265 App. Div. 301, appeal dismissed 292 N. Y. 595), we said (p. 208) '' By imposing the requirement that the employee be distant from his home environment, the employer imposes necessarily some limitation on the normal after-working hours activities of the employee and this finds implicit recognition in some of the decided cases.''

We discussed the indications of the direction of New York decisional law in cases where employees are injured in employment far from home, to be deduced from such cases as *Matter of Schneider* v. *United Whelan Drug Stores* (284 App. Div. 1072); *Matter of Daly* v. *State Ins. Fund* (284 App. Div. 174, motion for leave to appeal denied 307 N. Y. 942); *Matter of Commissioner of Taxation & Finance* v. *Katherine Gibbs School* (277 App. Div. 126, motion for leave to appeal denied 301 N. Y. 813); *Matter of Blake* v. *Grand Union Co.* (277 App. Div. 914, motion for leave to appeal denied 301 N. Y. 813).

We followed *Revlon* in *Matter of Eixman* v. *Rothman's East Norwich Inn* (6 A D 2d 911) and in *Matter of Leonard* v. *Peoples Camp Corp.* (9 A D 2d 420, affd. 9 N Y 2d 652) where the deceased employee hired to work at a Summer camp some 50 miles from his home was drowned while apparently bathing. (See, also, *Matter of Kohl* v. *International Harvester Co.,* 9

A D 2d 597; and discussion of the problem in 1 Larson, Workmen's Compensation Law, §§ 25.21, 25.22.)

We have moved much too far in the direction of holding such acts as taking a bath compensable as a matter of law when the employee is far distant from home, to move backward in the process and dismiss this claim because, as a matter of law, in the board's words " the taking of a bath " is a " purely personal act " which " bears no relationship to his employment as a musician ".

I vote to reverse and remit to the board for factual findings which may be clear, unequivocal and relevant to the legal question posed by the claim.

Coon and Taylor, JJ., concur with Reynolds, J.; Bergan, P. J., dissents and votes to reverse and remit, in opinion in which Gibson, J., concurs.

Decision affirmed, without costs.