■ In the Matter of the Claim of Ruby M. Roher, Respondent, v. Cherry Grove Hotel & Restaurant et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal from an award of death benefits. Decedent, whose home was in Philadelphia, was employed as a general laborer at a hotel on Fire Island. The island was somewhat isolated, particularly in late October, when the accident occurred. In addition to his weekly wage of $50 decedent was furnished room and board on the hotel premises. The only public transportation was a water taxi which charged a fare of $12. After working hours, the hotel manager, who was also an officer of the corporate employer, took decedent and another employee to Long Island to enable them to do some shopping, in a motor boat which was in part maintained by the employer and was used for hotel purposes — on occasion, in the manager's words, and extensively according to the testimony of an observer. Upon returning to the island, decedent jumped for the dock to assist the coemployee in mooring the boat, and in so doing fell into the water and was drowned. Although the dock was publicly owned, it was that customarily used by the hotel, which, indeed, supplied the electricity that lighted it and was but 100 feet away. The board's inference that decedent lived upon the premises for the benefit of the employer was warranted, under the circumstances, as was the finding that the employer supplied transportation as an incident of the employment. The award is sustainable "under the principle that 'the employment status continues during the normal activities of an employee required to travel or sojourn at a distance from his home.' (*Matter of Eixman* v. *Rothman's East Norwich Inn*, 6 A D 2d 911.) " (*Matter of Leonard* v. *Peoples Camp Corp.*, 9 A D 2d 420, affd. 9 N Y 2d 652); or, indeed, and more directly perhaps, because the accident to this resident employee occurred at a dock which could properly be found to be within the precincts of the employment (*Matter of Walker* v. *Narolewski*, 6 A D 2d 735, affd. 7 N Y 2d 835; *Matter of Eixman* v. *Rothman's East Norwich Inn*, 6 A D 2d 911; *Matter of Chapman* v. *Kiamesha Concord*, 15 A D 2d 618; and, see, *Chadwick* v. *Clark*, 19 A D 2d 679), with the added factors, in this case, of the boat, which

was an instrumentality of the employment, and of decedent's act in assisting the employer in mooring it. Additionally, it would seem not unreasonable to infer that the employer's furnishing of transportation, whether for change of scene, recreation or personal mission, to and from an island so isolated and inaccessible, at that time of year at least, constituted an inducement of hire or for continuance in employment, thus rendering a resultant accident compensable (*Matter of Leonard* v. *Peoples Camp Corp., supra*; *Matter of Simons* v. *The Hedges*, 286 App. Div. 1044); but this further ground is not necessary to the decision. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.