In the Matter of the Claim of ALVINA Dow, Respondent, *v.* LAWRENCE R. COLLINS, Doing Business as LARRY'S SERVICE, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 18, 1964.

*Hinman, Straub, Pigors & Manning* (*John J. Clyne* of counsel), for appellants.

*John McMahon* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

Aulisi, J. This is an appeal from a decision of the Workmen's Compensation Board which reversed a Referee's decision closing the case without an award and restoring it to the calendar for an appropriate award of death benefits. The appellants further appeal from the board's subsequent affirmance of said award.

The employer was engaged in constructing a steel dock on Buck Island in Lake Placid, New York, and hired Duncan Dow,

claimant's decedent, to do the welding work. The dock was being constructed at Dr. Potter's camp and the job had been obtained through one Homer Burgoyne who was employed by the employer and also acted as general caretaker for Dr. Potter at his camp. On June 23, 1960, Mr. Dow loaded his equipment on his truck and drove the 150 miles from his home to Lake Placid. The next morning his equipment was transported by barge the three quarters of a mile from the mainland to Buck Island and work was commenced at the job site.

Mr. Burgoyne maintained a home on the mainland and he returned there each night with the other employees. The employer usually supplied lodging for his workers and on this particular job had arranged for them to stay with Mr. Burgoyne. Mr. Dow, however, obtained permission from Mr. Burgoyne to remain at Dr. Potter's camp with his equipment. Transportation to and from the mainland was furnished by the employer and pursuant to an agreement between the employer and Dr. Potter a 14-foot aluminum boat owned by Dr. Potter was used by Mr. Burgoyne and the other employees.

On June 28, 1960, work at the job site did not cease until approximately 9:00 P.M. at which time it was secured for the night. Mr. Dow took the other men across to the mainland in Dr. Potter's boat, returned to the island alone and was observed getting out of the boat onto the dock by his co-workers. He has not been seen since. At approximately 1:00 A.M. the boat was observed unoccupied, running in a tight circle off the south shore of Buck Island. A thorough search by various authorities has failed to produce his body.

Appellants' first objection, and the basis of the Referee's initial dismissal, is claimant's failure to establish the death of her husband, the decedent, Mr. Dow. This argument was rejected by all three board members and we believe that there is substantial evidence contained in the record to sustain such a conclusion. While his body has never been recovered, Mr. Dow was last seen alive on an island in possession of a boat which was later found a short distance from the island, circling in deep water and unoccupied. It was the Spring of the year and there have been cases where Lake Placid has failed to yield bodies due to depth and cold water conditions. Mr. Dow had evidenced a desire to return home to his family and a business he contemplated opening as soon as possible. His money, valuables and other personal effects were found intact on the island. His equipment and his truck on the mainland were also in order. Upon this evidence the board as the fact-finder reached the logical and probable conclusion that Mr. Dow was

the victim of an accidental drowning. There is no evidence or indication of suicide and the presumption is against it (Workmen's Compensation Law, § 21, subd. 3).

Appellants' other objection is that decedent's presence on the lake was at his election and for purely personal reasons. Although Mr. Dow's employer did not require that he stay on the island, the employer provided accommodations for his workers while away from home working in the Lake Placid area. The employer gave Mr. Dow permission to stay on the island and that he chose to do so was reasonable under the circumstances. The value of his welding equipment, the evidence that he worked extra hours and his desire to begin work early the next morning all substantiate the finding that Mr. Dow's presence on the island was part of his employment. The board has found that Mr. Dow was drowned during a reasonable recreational activity incidental to his employment. The employer had given him permission to stay on the island and to use the boat while he was employed 150 miles from home. Along with his welding equipment Mr. Dow brought camping equipment and fishing tackle to the job site and under the circumstances fishing and/or boating would be a reasonable recreational activity (*Matter of Leonard* v. *Peoples Camp Corp.*, 9 A D 2d 420, affd. 9 N Y 2d 652; *Matter of Schneider* v. *United Whelan Drug Stores*, 284 App. Div. 1072). An employee who must remain away from home retains his employment status while indulging in normal activities at the location of his work (*Matter of Eixman* v. *Rothman's East Norwich Inn*, 6 A D 2d 911; *Matter of Roher* v. *Cherry Grove Hotel & Rest.*, 20 A D 2d 593, mot. for lv. to app. den. 14 N Y 2d 485). We believe the instant record contains substantial evidence to sustain the board's determinations and award.

The decision of the Workmen's Compensation Board should be affirmed.

GIBSON, P. J., REYNOLDS, TAYLOR and HAMM, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.