NEVADA INDUSTRIAL COMMISSION, APPELLANT, v. WALLACE HOLT, RESPONDENT.

No. 5353

December 8, 1967                    434 P.2d 423

*William J. Crowell,* of Carson City, for Appellant.

*John E. Kelly,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

The Nevada Industrial Commission appeals from a district court ruling that an employee, who was injured on his day off while engaged in recreation at a golf driving range provided by his employer, is entitled to compensation under the Nevada

Industrial Insurance Act.[1] It was the district court's view that the rationale of the "island cases" [O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504 (1951); Roher v. Cherry Grove Hotel, 245 N.Y.S.2d 173 (1963); Dow v. Collins, 254 N.Y.S.2d 554 (1964)] controlled this case, and concluded that the injury arose out of and in the course of employment. We do not agree, and reverse.

The island cases concern employees who were living and working in areas remote from their homes and sustained injuries from activities which, in other circumstances, would not be deemed to have been incurred within the scope and course of their employment. The leading case is O'Leary v. Brown-Pacific-Maxon, supra, decided by the United States Supreme Court under the Longshoremen's and Harbor Workers' Act, and involving an accidental death claim by the mother of an employee of a government contractor operating on the Island of Guam. The contractor maintained a recreation center near a shoreline along which ran a channel so dangerous for swimmers that its use was forbidden and signs to that effect erected. The employee plunged into the channel to rescue others and drowned. The death claim was allowed by the Commissioner, his ruling set aside by the Court of Appeals, and reinstated by the Supreme Court. The High Court believed that the record could be read to support the Commissioner's view that the employee's death could fairly be attributable to the risks of employment. The Court noted, however, that had the Commissioner made an opposite finding his view might well have been sustained.

In reaching its conclusion the Court mentioned that, in the circumstances presented, the test of recovery is not a causal relation between the nature of employment and the accident. Nor is it necessary that at the time of injury the employee be engaged in an activity of benefit to his employer. The Court stated that all that is required is that the "obligations or conditions" of employment create the "zone of special danger" out of which the injury arose. In the context of that case we presume that such language had reference mainly to the fact that employment on the remote Island of Guam demanded the employee's residence there. If he wished to work on Guam he had to live there, and any injury sustained, whether during

---

[1]Holt, the employee, was a rotary driller at the Nevada Test Site near Mercury. He was injured while observing another demonstrate a golf swing. The demonstrator's golf club, during backswing, struck Holt on the left side of his head.

recreation or otherwise, could be considered to have occurred in the course of his employment.

The circumstances of O'Leary are not the circumstances of this case. Here, the employee was not required to live at the test site. He chose to live there in a trailer furnished by the employer. Many of his fellow employees preferred to live in Las Vegas and commute to and from work.[2] The conditions of employment did not create a "zone of special danger" during the days and hours he was not performing specified work duties.

We believe that the cases decided by the intermediate appellate court of New York [Roher v. Cherry Grove Hotel, supra; Dow v. Collins, supra; Rizzo v. Syracuse University, 151 N.Y.S.2d 724 (1956); Leonard v. Peoples Camp Corp., 194 N.Y.S.2d 863 (1959)] are also distinguishable on their facts from the case before us. In any event we are not persuaded that those cases were correctly decided.

It seems to us that, as a minimum, recreational activity should not be deemed within the course of employment unless a regular incident of employment, or required by the employer, or of direct benefit to the employer beyond the intangible value of employee health and morale common to all kinds of recreation and social life. 1 Larson, Workmen's Compensation Law § 22.00. Even when one of the conditions just mentioned is present the case may be borderline, with divergent results in different jurisdictions.

We are not here faced with a borderline case. It was not a regular incident of Holt's employment to enjoy recreation on his day off at the golf driving range. The employer did not require his presence there, nor did the employer receive a direct benefit from that off-duty activity beyond the intangible value of employee health and morale common to all kinds of recreation. The employee was pursuing a private interest on his own time wholly unconnected with the work for which he was hired. Wilson v. General Motors, 84 N.E.2d 781 (N.Y. 1949). To allow compensation in these circumstances is to penalize the employer for providing a recreational facility. Congdon v.

---

[2]See Nevada Industrial Commission v. Dixon, 77 Nev. 296, 362 P.2d 577 (1961), where this court ruled that an employee, who was not receiving "travel time pay" for commuting from Las Vegas to the test site, and was injured en route, did not sustain a compensable loss under the Act.

Klett, 120 N.E.2d 796 (N.Y. 1954). The legislature did not intend that result. We conclude that the accidental injury to Holt did not arise out of and in the course of his employment within the intendment of NRS 616.270(1).

Reversed.

COLLINS, J., ZENOFF, J., BATJER, J., and WILKES, D. J., concur.