JACK HEITMAN, SURVIVING HUSBAND AND HEIR OF BETTY ANN HEITMAN, DECEASED, APPELLANT, v. BANK OF LAS VEGAS, A NEVADA CORPORATION, RESPONDENT.

No. 6343

May 3, 1971                                      484 P.2d 572

*Michael L. Hines* and *Henry R. Gordon,* of Las Vegas, for Appellant.

*Rose, Pico & Norwood,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Betty Heitman was killed by a bank robber while she was on duty as a teller for the Bank of Las Vegas. The Bank had accepted the provisions of the Nevada Industrial Insurance Act, and Betty had not rejected coverage. Consequently, the Nevada Industrial Commission paid all death benefits due under NRS 616.615. Jack Heitman, the surviving husband and sole heir of Betty, commenced this wrongful death action against the Bank to recover damages charging negligence in failing to provide "proper safety devices and robbery alarm systems." The district court granted summary judgment to the Bank upon the ground that the rights and remedies provided by the Nevada Industrial Insurance Act are exclusive. NRS 616.370(1).[1] This appeal is from that judgment.

1. The statutory preclusion of suit extends to the "employee, his personal or legal representatives, dependents or next of kin." In this case it is conceded that the widower-plaintiff is not the personal or legal representative of his deceased wife. Moreover, it is agreed that he was not dependent upon her for support.[2] He asks that we set aside the summary judgment since, as a matter of law, he cannot be deemed

---

[1]NRS 616.370(1): "The rights and remedies . . . for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive . . . of all other rights and remedies of the employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury."

[2]A wholly dependent widower without children is entitled to compensation under the Act. NRS 616.615(3).

a next of kin of his deceased wife, and is, therefore, outside of the statutory prohibition.

Normally, the words "next of kin" mean the nearest blood relations according to the law of consanguinity and do not include a widow or widower. For the purposes of industrial insurance, however, the normal connotation is relaxed to include heirs who are not blood relations. McDonald v. Miner, 32 N.E.2d 885 (Ind. 1941); England v. Dana Corporation, 428 F.2d 385 (7 Cir. 1970); Horney v. Meredith Swimming Pool Company, 148 S.E.2d 554 (N.C. 1966). We prefer this view since it accommodates the overriding objective of our Industrial Insurance Act to provide a remedy which is expeditious and independent of proof of fault and also a liability which is limited and determinative. We hold that the words "next of kin" used in 616.370(1) include heirs who are not blood relations. Our holding on this point, however, does not automatically mandate an affirmance of the judgment below, since the exclusive remedy provided by the Act governs only those cases in which the accidental injury or death of the employee arose out of and in the course of employment. NRS 616.270. We turn to address this aspect of the appeal.

2. When a third party assails an employee on duty the inquiry is whether the injury or death arose out of her employment. McColl v. Scherer, 73 Nev. 226, 315 P.2d 807 (1957). If the employee was assailed because of a personal grudge, animosity or other personal relations having nothing to do with her employment, the Act does not bar this suit. On the other hand, if she was shot simply because she happened to be there, the Act is operative and covers the circumstances. This is the holding of McColl, supra.[3] In the case at hand none of the papers relied upon to support or defeat the Bank's motion for summary judgment are directed to this point. For this reason alone, we are compelled to reverse the summary judgment and remand for further proceedings. It should be possible

---

[3]NRS 616.020 defines an accident as an unexpected or unforeseen event happening suddenly and violently with or without human fault, and producing at the time objective symptoms of injury. This definition embraces a willful shooting by a third party assailant causing injury or death to an employee. Hudson v. Roberts, 270 P.2d 837 (Idaho 1954). This is a necessary corollary of our ruling in McColl v. Scherer, supra, wherein we cited Hudson v. Roberts with approval.

to explore and resolve this limited issue by additional pretrial inquiry.

Reversed.

BATJER, MOWBRAY, and GUNDERSON, JJ., and WATERS, D. J., concur.