MARY ANN McGINNIS and OWEN W. McGINNIS, Appellants, *v.* CONSOLIDATED CASINOS CORP., a Nevada Corporation, SAHARA–NEVADA CORPORATION, a Nevada Corporation, DEL E. WEBB CORPORATION, an Arizona Corporation, and DEL E. WEBB HOTEL CO., an Arizona Corporation d/b/a THE MINT HOTEL & CASINO, Respondents.

No. 9246

September 29, 1978                    584 P.2d 702

*Stanley W. Pierce,* Las Vegas, for Appellants.

*Dickerson, Miles & Pico,* and *Charles H. Wagner,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellants sought damages allegedly resulting from respondents' negligence. Respondents moved for summary judgment contending a common law negligence action was barred by NRS 616.270.[1] The district court ordered that the motion be treated as a motion to dismiss and granted the motion with leave to appellants to file an amended complaint.

Appellants subsequently filed an amended complaint alleging that Mary Ann McGinnis, an employee at the Mint Hotel, had completed her shift at the Mint and clocked out; after visiting

---

[1]NRS 616.270 provides, in pertinent part:

"1. Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment.

". . .

"3. In such cases the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury, unless by the terms of this chapter otherwise provided."

with some friends, Mary went to the employees' locker room in the basement of the Mint Hotel to change from her working uniform into her street clothes; while changing, Mary Ann was attacked, brutally beaten, and seriously injured by an unknown assailant; the assault and resulting injuries did not arise out of or in the course of her employment; and, the Mint Hotel's failure to provide adequate security in the basement was the direct and proximate cause of her injuries.

Respondents, pursuant to NRCP 12(b), moved for and were granted an order dismissing appellants' amended complaint, with prejudice, for failure to state a cause of action. Appellants contend this was error. We agree.

In order to state a cause of action which avoids the Nevada Industrial Insurance Act's proscription against common law negligence actions, *see* NRS 616.270; NRS 616.370, an injured employee need only allege facts which would remove the claim from the purview of the Act. *Cf.* McColl v. Scherer, 73 Nev. 226, 315 P.2d 807 (1957). One way an employee may do this is by alleging that the injury was not sustained in the course of the employment. *Cf.* NRS 616.270; NRS 616.370; Heitman v. Bank of Las Vegas, 87 Nev. 201, 484 P.2d 572 (1971); Nevada Industrial Comm'n v. Holt, 83 Nev. 497, 434 P.2d 423 (1967). Here, appellants alleged that Mary Ann "was no longer in the course of her employment" when the injury was sustained. In our view, this allegation is sufficient, when read in conjunction with the rest of her amended complaint, to avoid dismissal for failure to state a cause of action. Indeed, this allegation presents a genuine issue of material fact which must be heard and resolved by the trier of fact. *Cf.* Heitman v. Bank of Las Vegas, *supra.*

Accordingly, the district court order is reversed and remanded with instructions to reinstate appellants' amended complaint.