*995 OPINION

Per Curiam:

This is an appeal from an order of the district court denying an employee worker’s compensation benefits for an injury sustained during an uncompensated lunch hour.
Appellant Paulette Dixon (“Dixon”) was an employee of EG&G Energy Measurements in Las Vegas, temporarily assigned to work at the Los Alamos National Laboratory (“Laboratory”) in Los Alamos, New Mexico. One workday, during her lunch hour, Dixon rode a bicycle provided by the Laboratory around the parking lot at the worksite, fell, and suffered a fractured wrist.
Dixon submitted a claim for worker’s compensation benefits for her injury. The State Industrial Insurance System (“SIIS”) denied her claim on the basis that Dixon’s injury did not “arise out of and in the course of” her employment. Dixon appealed to a Nevada Department of Administration hearing officer, who affirmed SIIS’s determination. Dixon then appealed to an appeals officer, who reversed the hearing officer’s decision and remanded to SIIS with directions to accept the claim and provide all appropriate benefits. The appeals officer concluded that riding the bicycle was a regular incident of employment as it was “of expected custom and practice at this remote location and was even encouraged by the laboratory.” SIIS then filed a petition for judicial review in district court. The district court concluded that under NRS 616.110(1) and Nevada Industrial Commission v. Holt, 83 Nev. 497, 434 P.2d 423 (1967), Dixon’s injury was not an industrial injury, i.e., the injury did not arise out of the course of her employment. The district court reversed the appeals officer’s decision and reinstated and affirmed SIIS’s decision to deny Dixon’s claim for worker’s compensation.
*996 Dixon appeals, claiming that neither NRS 616.110(1) nor Holt bar her from receiving worker’s compensation for her injuries. We agree.
NRS 616.270(1) provides worker’s compensation benefits to employees “for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment(Emphasis added.) NRS 616.110(1) defines “personal injury,” and narrows the class of employees entitled to coverage by providing that:
Any injury sustained by an employee while engaging in an athletic or social event sponsored by his employer shall be deemed not to have arisen out of or in the course of employment unless the employee received remuneration for participation in the event.
(Emphasis added.)
Respondent contends that Dixon was engaged in an “athletic event” under NRS 616.110(1), and that since she was not paid during her lunch hour when the accident occurred, her injury did not arise out of or in the course of her employment and she is therefore not entitled to receive benefits.
The language “athletic . . . event sponsored by his employer” is nowhere defined in the statute. Where a statute is ambiguous, this court should attempt to follow the intent of the legislature. Zgombic v. State, 106 Nev. 571, 575, 798 P.2d 548, 551 (1990). In determining legislative intent, “[t]he meaning of the words used may be determined by examining the context and the spirit of the law or the causes which induced the legislature to enact it. The entire subject matter and policy may be involved as an interpretive aid.” McKay v. Bd. of Supervisors, 102 Nev. 644, 650-51, 730 P.2d 438, 443 (1986) (citation omitted).
In the sparse legislative history of NRS 616.110(1) that does exist, “athletic event” appears to refer to employer-sponsored team activities such as softball and bowling which take place outside of work hours. Joint Hearing on A.B. 364 Before the Nevada Senate Commerce and Labor Committee and the Assembly Labor and Management Committee, March 18, 1975, pp. 6, 157; Hearing on A.B. 364 Before the Nevada Assembly Labor and Management Committee, March 27, 1975, p. 1. Apparently, the legislature added the language in the statute denying compensation for an injury which occurs during these “events” so that employers could continue to sponsor employee teams without being responsible for any injuries which employees may suffer at those events. The legislative history indicates that the legislature *997 did not intend to include Dixon’s bicycle riding under the circumstances at Los Alamos as an “athletic event” under NRS 616.110(1).
Respondent further contends that Dixon is barred from receiving benefits by this court’s decision in Nevada Industrial Commission v. Holt, 83 Nev. 497, 434 P.2d 423 (1967). In Holt, this court reversed the district court’s finding that the employee was entitled to compensation when he was injured on his day off at a golf driving range which his employer provided for employee use. Id. at 498, 434 P.2d at 423. We stated that Holt was “pursuing a private interest on his own time wholly unconnected with the work for which he was hired.” Id. We also plainly set out the policy reasons supporting the decision — “[t]o allow compensation in these circumstances is to penalize the employer for providing a recreational facility. The legislature did not intend that result.” Id. at 500-01, 434 P.2d at 425 (citation omitted).
Holt is readily distinguishable from the instant case. Holt was playing golf on his day off; Dixon was riding the bicycle during a temporary lull in the workday, her lunch hour. The golf course in Holt was located off the worksite; the bicycle used by Dixon was provided by the Laboratory and was made available for employee use during a break or during the lunch hour. Holt chose to live at the remote site; Dixon was required to stay in Los Alamos on temporary assignment.
In Holt this court stated that a recreational activity could only be characterized as within the course of employment if it is a regular incident of employment, or required by the employer, or of benefit to the employer “beyond the intangible value of employee health and morale common to all kinds of recreation and social life.” Id. at 500, 434 P.2d at 424.
The appeals officer did make the finding required by Holt that under the circumstances at Los Alamos, riding the bicycle was a regular incident of employment. Specifically, the appeals officer made the following findings of fact and conclusions of law:

FINDINGS OF FACT

4. The Laboratory where Claimant was on special assignment had direct control over the Claimant’s activities and provided the bicycle for the express purpose of allowing employees to get exercise during their break periods.
5. The remoteness of the location dictated the necessity and expectation by the employer (Los Alamos) that the bicycle would be utilized during the breaks by their employees.
*998 6. The use of the bicycle during a lunch break was both reasonable and an anticipative use of the premises.
7. The Claimant’s wrist injury of August 20, 1991 was in the course and scope of her employment.

CONCLUSIONS OF LAW

4. All of the factors taken in toto, including remote locality, laboratory providing and encouraging use of the bicycle and the apparent custom which was acquiesced to by the laboratory would lead to the conclusion that Claimant was in the course and scope of her employment when she sustained her injury on August 20, 1991.
Substantial evidence exists to support the appeals officer’s findings, and therefore the decision should be affirmed.
Although a reviewing court may decide pure legal questions without deference to an agency determination, an agency’s conclusions of law which are closely related to the agency’s view of the facts are entitled to deference and should not be disturbed if they are supported by substantial evidence. Jourdan v. SIIS, 109 Nev. 497, 499, 853 P.2d 99, 101 (1993); SIIS v. Khweiss, 108 Nev. 123, 126, 825 P.2d 218, 220 (1992). .
We conclude that Dixon is not barred from receiving worker’s compensation by either NRS 616.110(1) or by Holt. Accordingly, we reverse the district court’s order.