JEFF McCOLL AND MARGARET JEAN McCOLL, HUSBAND AND WIFE, APPELLANTS, *v.* L. B. SCHERER, RUTH SCHELLANGE, ADMINISTRATRIX OF THE ESTATE OF A. F. SCHELLANGE, DECEASED, FIRST NATIONAL BANK OF NEVADA, EXECUTOR OF THE ESTATE OF JACK KATLEMAN, ALSO KNOWN AS JAKE KATLEMAN, DECEASED, JOE HALL, VIC HALL, FRANK EDDS, BERNARD VANDERSTEEN, ART STANLEY, AND LAS VEGAS CLUB, A COPARTNERSHIP, RESPONDENTS.

No. 3974

September 23, 1957
315 P.2d 807

*Foley Brothers,* of Las Vegas, for Appellants.

*Goldwater and Singleton,* and *Jones, Wiener & Jones,* of Las Vegas, for Respondents L. B. Scherer, Ruth Schellange, etc., et al.

*Morse, Graves & Compton,* of Las Vegas, for Respondent Bernard Vandersteen.

## OPINION

By the Court, BADT, C. J.:

In this appeal from a summary judgment for defendants in which the plaintiffs sued for damages for personal injuries allegedly the result of defendants' negligence, the main question presented is whether such factual determinations remained for the court or jury as to preclude a summary judgment. We have concluded that there was an undetermined factual question, thus requiring a reversal of the summary judgment. Other questions are also disposed of.

The complaint of Margaret Jean McColl (hereinafter referred to as the plaintiff, although her husband Jeff McColl was joined as co-plaintiff) alleged as follows:

"5.   On the 15th day of October, 1953, in the said Las Vegas Club, defendant Dale Eugene Sollars wrongfully, maliciously and unlawfully assaulted the plaintiff Margaret Jean McColl by firing two shots from a loaded

pistol into the said plaintiff's body; * * * severely injuring and disabling plaintiff Margaret Jean McColl.

"6. That the employees of the said defendant Las Vegas Club whose duties were to keep law and order in and about the premises of the said Las Vegas Club casino and bar, while acting within the scope and course of their employment, negligently failed to keep law and order in and about the premises of the said Las Vegas Club casino and bar, and as a direct and proximate result of such negligence, the defendant Dale Eugene Sollars assaulted the plaintiff Margaret Jean McColl as aforesaid which severely injured the said plaintiff Margaret Jean McColl."

Defendants admitted paragraph numbered 5 and denied paragraph numbered 6. As affirmative defenses defendants pleaded (1) that both parties were subject to the provisions of the Nevada Industrial Insurance Act and that at the time of the accident plaintiff was acting "within the course and scope of her employment" as a cocktail waitress for defendants, and (2) that she had applied to the Nevada Industrial Commission for benefits under the act and had actually received benefits from the commission in the sum of $29,394.60. Under the Industrial Insurance Act the plaintiff was entitled to compensation for injuries by accident "arising out of and in the course of the employment * * *." NRS 616.270. Under the first affirmative defense (although it is not alleged that the accident arose out of her employment) defendants urge that compensation under the act was plaintiff's exclusive remedy. The second affirmative defense is urged under theories of election of remedies, estoppel and res judicata.

(1) Defendants took the deposition of plaintiff and developed the following facts: Between 10 and 10:30 p. m. on October 15, 1953, on the premises of the Las Vegas Club during the hours of her employment there as a cocktail waitress and while she was in the performance of her duties serving various people, she was shot

by one Dale Eugene Sollars. Nothing more. There is no doubt that she was injured *in the course of* her employment, but as to the question whether the injury *arose out of* her employment, the record leaves it entirely a matter of conjecture. Perhaps it did. Perhaps it was the result of a personal grudge, animosity or other personal relations having nothing to do with her employment.

It is conceded that the defendants elected to accept the provisions of the Nevada Industrial Insurance Act, that the plaintiff had not rejected its terms, and that if plaintiff's injuries were compensable under the act, or, more narrowly expressed, if the injury arose out of and in the course of her employment, compensation by the commission was her sole remedy exclusive of any rights of a common law action against defendants.[1] The deposition developed the fact that plaintiff had filed her claim for compensation and had received large sums of money from the commission and was receiving monthly compensation at the time of and after she filed her complaint.

Defendants' motion for summary judgment was made upon the ground that there was no genuine issue as to any material fact and that the defendants were entitled to judgment as a matter of law. This in turn was based on the grounds (1) that the injuries alleged to have been

---

[1]Sec. 616.270 "1. Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment. 2. In such cases the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury, unless by the terms of this chapter otherwise provided."

Sec. 616.370 "1. The rights and remedies provided in this chapter for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive * * * of all other rights and remedies of the employee * * *. 2. The terms, conditions and provisions of this chapter for the payment of compensation and the amount thereof for injuries sustained * * * shall be conclusive, compulsory and obligatory upon both employers and employees coming within the provisions of this chapter."

suffered by plaintiff were those arising out of and in the course of her employment; (2) that she had in any event elected to proceed by claim against the commission and was bound by such election; and (3) that the award by the commission was equivalent to a finding that her injuries were the result of an accident arising out of and in the course of her employment and was res judicata.

The meagerness of the facts appearing in the record leaves the factual situation as to how the shooting occurred or what caused or occasioned it entirely undetermined. These things might have been shown to the commission, but no part of the proceedings before the commission is before the court — not the nature of the claim presented nor the evidence produced in support thereof nor the findings of fact of the commission if any such were made.

The rule is thus stated in Hudson v. Roberts, 75 Idaho 224, 270 P.2d 837, 839: "It may be stated as a general rule that where an employee is assaulted and injury is inflicted upon him through animosity and ill will arising from some cause wholly disconnected with the employer's business or the employment, the employee cannot recover compensation simply because he is assaulted when he is in the discharge of his duties. Under such circumstances the injury does not arise out of the course of employment, and the employment is not the cause of the injury although it may be the occasion of the wilful act, and may furnish the opportunity for its execution." It is likewise stated in Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 55 So.2d 381, 59 So.2d 294, and in Foster v. Aines Farm Dairy Company, Mo., 263 S.W.2d 421. See the many cases cited in the foregoing opinions.

Respondents place great reliance upon Industrial Indemnity Co. v. Industrial Accident Commission, 95 Cal.App.2d 804, 214 P.2d 41, 46, and to the cases therein cited and to the conclusion that the accident "arose out of her employment because her employment required her to be in what turned out to be a place of danger" and that "in order to receive an award he need show

merely that his work brought him within the range of danger by requiring his presence in the precincts of his employer's premises at the time the peril struck", and that the accident arose out of and was incident to the employment because it "was due to the fact that his employment necessitated that he be at the place where the accident occurred". The "street accident" cases, the "frolicking and horseplay" cases, "skylarking" cases etc. are discussed at length. Attacks by insane persons and by indiscriminate shooting are referred to. However, continual reference is made to the necessity of showing that plaintiff's work brought him within the range of the danger and to the test of whether plaintiff is exposed to greater danger by reason of his assignments than that to which the public is subjected. In the entire lengthy opinion we find no cases (nor do we find such in the other authorities relied on) holding that the accident arose out of the employment, and was thus compensable under the act, where the injuries inflicted by the third person were by reason of enmity, grudge, or other personal relationships, having no relation to the employment. In other words, neither the case nor the authorities therein relied upon cover a case where a third party assailant injured the plaintiff by picking out the plaintiff as his victim where the victim was at the moment in the course of the employer's employment upon the employer's premises, and where the assault might as well have been made, on account of such personal reasons, at any other time or place or under any other conditions. Putting it more simply, if the plaintiff was injured, *because she was who she was,* and not because her employment placed her in the position of danger, the cases cited do not apply. It was the determination of this factual situation, particularly in view of plaintiff's allegation that the attack was made wrongfully, maliciously and unlawfully, that was entirely lacking when the court ordered summary judgment for the plaintiff.

In Parman v. Petricciani, 70 Nev. 427, 272 P.2d 492, we approved the suggestion of the federal court therein

quoted that trial judges should exercise great care in granting motions for summary judgment, and held that a litigant has a right to a trial where there is the slightest doubt as to the facts. We there held further that the presence of a real or material issue of fact precludes a summary judgment under Rule 56 NRCP.

(2) Nor is plaintiff barred under the theory of an election of remedies by having filed her claim with the commission. Here there were not two coexisting remedial rights. If the facts to be developed, but which do not appear in the present record, are that plaintiff's injuries were sustained by accident arising out of and in the course of her employment, her exclusive remedy was for compensation through the commission, but if they did not so arise, the commission had no jurisdiction to make an award in her favor and no election could have arisen out of an application for such an award. The two remedies are mutually exclusive. Robertson v. Robertson, 43 Nev. 50, 180 P. 122, 187 P. 929; Casey v. Musgrave, 72 Nev. 31, 292 P.2d 1066; Barringer v. Ray, 72 Nev. 172, 298 P.2d 933. For the same reason there was no estoppel.

The summary judgment in favor of defendants and the order for the entry thereof are hereby reversed with costs to appellants and the cause remanded for further proceedings.

EATHER and MERRILL, JJ., concur.