FIRST NATIONAL BANK OF NEVADA, EXECUTOR OF ESTATE OF LUTHER B. SCHERER, EXECUTOR OF THE ESTATE OF JACK KATLEMAN, AKA JAKE KATLEMAN, RUTH SCHELLANGE, ADMINISTRATRIX OF THE ESTATE OF A. F. SCHELLANGE, JOE HALL, VIC HALL, FRANK EDDS, BERNARD VAN DER STEEN, ART STANLEY, AND LAS VEGAS CLUB, A COPARTNERSHIP, PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK, AND NEVADA INDUSTRIAL COMMISSION, RESPONDENTS.

No. 4152

February 4, 1959                               335 P.2d 79

(Petition for rehearing denied March 20, 1959.)

*W. Bruce Beckley,* of Las Vegas, for First National Bank of Nevada, Executor of the Estate of L. B. Scherer.

*Morse, Graves & Compton,* of Las Vegas, for Bernard Van Der Steen.

*Goldwater & Singleton,* and *Jones, Wiener & Jones,* of Las Vegas, for Ruth Schellange, Administratrix of the Estate of A. F. Schellange; First National Bank of Nevada, Executor of the Estate of Jack Katleman, aka Jake Katleman, and Executor of the Estate of L. B. Scherer; Joe Hall; Vic Hall; Frank Edds; Art Stanley; and Las Vegas Club, a Copartnership.

*Paul D. Laxalt,* of Carson City, for Nevada Industrial Commission.

*Foley Bros.,* of Las Vegas, for the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark.

# OPINION

By the Court, MERRILL, C. J.:

Petitioners seek a writ of prohibition to restrain the respondent court from proceeding with a pending action for personal injuries. The question involved is whether an award of industrial compensation made by the Nevada Industrial Commission has barred the injured person from asserting a common law right against her employers.

The action below, to which the writ is sought to be directed, is brought by Margaret Jean McColl against these petitioners, asserting that she has suffered injury as a result of their negligence. At the time of injury she was employed as a cocktail waitress at their establishment in Las Vegas. The injury resulted from a gunshot fired by a patron of the establishment.

The proceedings below have already been reviewed by this court upon appeal from summary judgment in favor of defendants. McColl v. Scherer, 73 Nev. 226, 315 P.2d 807. The principal issue on that appeal was whether the evidence established as a matter of law that the injuries arose out of and in the course of plaintiff's employment. We held that it did not and remanded the case for further proceedings. It appeared from the record

on that appeal that the plaintiff had applied for compensation to the industrial commission and had received certain sums as a consequence of her application. We held that these acts did not constitute an election of remedies which would preclude her from asserting her common law rights against her employers.

In the present proceedings the factual situation has been altered in the following respects.

The plaintiff's application to the industrial commission has never been withdrawn. On July 17, 1957, a year after the taking of the former appeal, an award was made by the commission upon the basis of permanent total disability. Plaintiff was awarded a total of $199.50 a month for life. She has ever since accepted the benefits of this award.

These facts were presented to the respondent court upon a second motion by the defendants below for summary judgment. The motion was denied and these proceedings followed.

Petitioners contend that the award of the commission constitutes res judicata and that it is not subject to collateral attack; that it has ousted the courts of all jurisdiction to consider the issues involved.

The authorities upon which petitioners rely in this connection are cases from jurisdictions where, by statute, direct judicial review of commission action is provided. It would appear clear where such procedure for direct judicial attack is provided, that collateral attack cannot be permitted. Where such provision is made, the commission's determinations should be given that finality and standing which would have resulted had they been affirmed upon judicial review.

Nevada does not provide for judicial review. Any attack upon commission action must be in the form of an original action seeking trial de novo of the issues determined by the commission. Some form of judicial review certainly is appropriate. To insist that the attack be a direct rather than a collateral one would seem overly technical under these circumstances. A collateral attack,

it would seem, could very simply be made to include a direct attack by bringing in the commission as a necessary party defendant.

We are, therefore, disposed to reject the contention of petitioners that the industrial commission's award constituted res judicata and removed from the courts any power to entertain a common law action against the employer.

The writ, then, must be denied.

It appears from the record, however, although the trial court has jurisdiction to proceed, that it would be error to proceed further with the merits of the case below. The denial by the trial court of defendants' motion for summary judgment appears to have been based upon a misconstruction of the extent of our holding in McColl v. Scherer, supra.

It is true that upon this application for writ our decisional considerations are limited to matters of jurisdiction and do not include nonjurisdictional error. Still, to remain silent in the face of the trial court's apparent misconstruction, would be to invite error in further proceedings below, rendering those proceedings futile and necessitating further resort to this court.

Silence under these circumstances is neither necessary nor proper. While we reject the propriety of purely advisory opinion by this court, we note in this case that our advice is essential if these proceedings are to be permitted to bear effectively upon the case below and are not to mislead the trial court.

Our opinion which follows, therefore, is included for the guidance of the trial court through clarification of the extent of our earlier holding. The issues we here determine have been fully briefed by counsel.

At the time of that appeal there had been no award by the industrial commission and no acceptance of such award. There had been simply an application for compensation and the payment of certain sums preliminary to the making of an award. The record in that appeal, as mentioned in the opinion, did not disclose any factual

findings by the commission or any final determinations made by it which might have been deemed accepted by an acceptance of payment.

At the present time not only has an award been made by the commission but that award has now been accepted by the plaintiff below. In so doing the plaintiff has accepted the industrial compensation so awarded in lieu of any common law rights she might have had. This amounts to accord and satisfaction of such common law rights and has accomplished a destruction of any right of action, merging it by accord with the compensation award she has accepted in its place.

Such was the holding of the New York Court of Appeals in Brassel v. Electric Welding Company of America, 239 N.Y. 78, 145 N.E. 745, 746. In that case the court, speaking through Cardozo, J., stated, "We think the acceptance of the payment has destroyed the right of action. The question is not whether the award has the effect of a binding adjudication. We may assume that it is void, and that, at least while unpaid, it might have been set aside or disregarded. * * * The question is whether a right of action has survived the collection of the award and the retention of the proceeds. The plaintiff made claim under the statute and must be charged with knowledge of its provisions. The statute provides * * * that the liability of an employer thereunder shall be 'exclusive and in place of any other liability whatsoever' on account of the injury sustained by the employee. In the light of this provision, the employer, when it tendered payment of the award, affixed by implication the condition that the tender was made upon' the statutory terms. The employee, by accepting payment, signified his assent to the condition, and his willingness to receive the money upon the terms thereby imposed. The transaction thus resulted in an accord and satisfaction."

Respondents, opposing this position, contend that the acceptance of the award should not destroy the common law cause of action but, at most, renders the plaintiff

below liable for a return to the commission of the sums accepted by her. They rely on Parker v. Pantages Theater, 143 Wash. 176, 254 P. 1083, 1085, where it is stated, "* * * [Plaintiff] is not to be penalized for the mistaken belief that he had a right under the compensation act. * * * The fact that he may have received something to which he is not entitled but which he must return, does not foreclose him from exercising the rights which he originally had."

Whatever effect true mistake may have in preventing an accord from resulting, it can hardly be said that plaintiff below accepted the commission's award under a mistaken belief. She did so with full knowledge, for her common law cause of action had already been asserted by her.

To permit the action below to proceed under these circumstances would be to encourage every injured employee to seek a commission award, accept it, and follow it with a common law action against his employer. This would be in direct conflict with the intent and spirit of industrial compensation.

With this clarification of McColl v. Scherer, supra, for the guidance of the court below,

IT IS ORDERED that peremptory writ of prohibition is hereby denied and these proceedings are dismissed.

McNAMEE and BADT, JJ., concur.