JAMES STEVENSON AND LORETTA STEVENSON, APPELLANTS, v. KOLLSMAN MINERAL & CHEMI- CAL CORPORATION, RESPONDENT.

No. 7504

August 26, 1975                           539 P.2d 463

*Lionel Sawyer Collins & Wartman,* Las Vegas, for Appellants.

*Cromer, Barker & Michaelson,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant contracted mercury poisoning while employed at respondent's mercury mine and mill. This action for damages followed. Upon respondent's motion, the district court granted summary judgment, stating that no genuine issue fact remained and that respondent was entitled to judgment as a matter of law. This appeal followed.

Initially appellant raised certain issues concerning the applicability of the Occupational Diseases Act to his case. See: NRS Chap. 617. We deem these issues without merit in light of appellant's subsequent acceptance of a permanent disability award from the Nevada Industrial Commission (NIC).

At oral argument, both parties were given permission to file supplemental briefs pertaining to acceptance of the NIC award.

Attached to appellant's brief is a certified copy of proceedings before the commission on April 25, 1974. The findings of fact reflect that appellant requested and was granted permanent total disability status. Acceptance of the commission's award extinguishes any common law right appellant might have had. As this court long ago stated:

"At the present time not only has an award been made by the commission but that award has now been accepted by the plaintiff below. In so doing the plaintiff has accepted the industrial compensation so awarded in lieu of any common law rights she might have had. This amounts to accord and satisfaction of such common law rights and has accomplished a destruction of any right of action, merging it by accord with the compensation award she has accepted in its place." First Nat'l Bk. v. Dist. Ct., 75 Nev. 77, 82, 335 P.2d 79, 82 (1959).

Affirmed.