CHARLES DANIELS, Appellant, *v.* LAS VEGAS TRANSFER & STORAGE, Respondent.

No. 11247

April 30, 1981                                     627 P.2d 400

*Reid & Alverson,* Las Vegas, for Appellant.

*Vargas, Bartlett & Dixon,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Charles Daniels, (Daniels), an employee of Woolco Stores, was injured in a fall from a collapsing loading ramp. The loading ramp was owned by respondent Las Vegas Transfer & Storage (LVTS), a common carrier, which was employed by Woolco to deliver and unload merchandise. LVTS supplied both the truck and the workers and charged Woolco at an hourly rate for their service. Employees of LVTS were required only to unload the appliances at Woolco's receiving dock; however, LVTS workers and Woolco personnel commonly worked together to move the merchandise onto the floor to a location designated by a Woolco salesman. During the course of the unloading process, Daniels was wheeling a large appliance down the ramp from the truck when the ramp collapsed. Daniels sued LVTS for negligence claiming that the ramp was negligently placed by a LVTS employee.

After the accident, Daniels was awarded compensation under N.I.I.A. LVTS's cross-motion for summary judgment argued that it was immune from liability under NRS 616.560 and that Daniels's acceptance of N.I.I.A. benefits precluded his negligence cause of action.

The district judge granted LVTS's cross-motion, finding that at the time of the accident Woolco and LVTS employees were "in joint or common employment" and that therefore LVTS was immune from tort liability under NRS 616.560, which limits liability in cases where an employee is eligible for compensation under the N.I.I.A. to third parties "other than the employer or a person in the same employ."

Under these facts the granting of the summary judgment was improper, especially in view of the similarities between the employment in this case and that in McDowell Constr. Supply v. Williams, 90 Nev. 75, 518 P.2d 604 (1974), in which this court held that circumstances did not indicate sufficient control by the injured worker's employer over the defendant's negligent employee to warrant immunity.

The depositions contained in the record indicate that if this matter were to be tried, there would be conflicting testimony concerning the nature of the working relationship. "In the absence of a clearly established N.I.I.A. defense, we cannot justify summary judgment on the assumption that the trial will show nothing to create a jury question on a legal theory consistent with the pleadings." Ortolano v. Las Vegas Convention Center, 96 Nev. 308, 310, 608 P.2d 1102, 1105 (1980).

The summary judgment is reversed.