H. CARL SHOCKEY and HELEN SHOCKEY, Appellants,
v. HARDEN INSURANCE AGENCY, INC., Respond-
ent.

No. 12372

April 20, 1982                                    643 P.2d 849

John Peter Lee, Vincent Ochoa, Richard McKnight and
James C. Mahan, Las Vegas, for Appellants.

Rogers, Monsey, Woodbury and Berggreen, and Douglas G.
Crosby, Las Vegas, for Respondent.

## OPINION

Per Curiam:

The district court granted respondent, Harden Insurance
Agency's, motion for summary judgment, and ordered appel-
lants Carl and Helen Shockey to return a stock certificate for
720 shares of Harden Insurance Agency stock. The Shockeys
contend there are genuine issues of material fact which render
the district court's order of summary judgment inappropriate.

In April of 1972, Carl Shockey began his employment as
vice-president of Harden Insurance Agency. In negotiations
leading to Shockey's employment, Max Harden, president of
Harden Insurance Agency, sent the following letter, dated
March 29, 1972:

. . . We will allow you the option of purchasing 30% of the stock in Harden Insurance Agency, Inc., at a figure of approximately $40,000 to be paid in any manner you may work out with me, at no interest if you so desire. You may sign a note to the Corporation for same designating the length of time and amounts same is to be paid.

You will be requested to sign an agreement that in the event of your wishing to sell your stock you will sell it back to the Corporation and the price will be based on the past three year averaging of sale.

In December of 1972, Max Harden issued 720 shares of corporate stock to Carl Shockey, without executing a written agreement reflecting the financial terms of the sale. The record reflects that from April 1, 1972 until August of 1976, no written agreement regarding the method of payment for the stock purchase was perfected. The only document exchanged by the parties was the letter of March 29, 1972, which stated the method of payment for the stock purchase would be "worked out" between the parties.

On June 11, 1976, Shockey informed Harden that he wanted to resign from the Board of Directors and sell his shares of stock back to the corporation. Upon realizing the parties had not executed an agreement, Harden presented Shockey with a written agreement, pre-dated April 1, 1972. The agreement provided that the corporation would issue 30% of the unissued outstanding capital stock to Shockey in exchange for a promissory note for the purchase price of the stock. Shockey signed the written agreement in August of 1976.

Next, Harden requested Shockey to sign a promissory note to secure payment of the 720 shares of stock. Shockey refused to sign the note, claiming it did not reflect the terms of an alleged oral agreement between the parties. On August 28, 1976, Harden terminated Shockey's employment with Harden Insurance Agency.

Shockey contends the parties entered into an oral agreement whereby the purchase price of the stock would be paid for out of the dividends flowing from the ownership of said stock. Harden, on the other hand, avers that Shockey was obligated to pay for the stock pursuant to an unexecuted promissory note.

It is well-established that the presence of genuine issues of material fact will preclude summary judgment. In determining the propriety of a summary judgment, the evidence is to be viewed in a light most favorable to the party against whom

such summary judgment was rendered. Parman v. Petricciani, 70 Nev. 427, 272 P.2d 492 (1954); Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963).

Here, the parties ultimately entered into a written agreement which called for the simultaneous execution of a promissory note.[1] Because the parties were in dispute as to the method of payment for the stock purchase, the promissory note was never executed. Consequently, there exists a genuine issue of material fact regarding the method of payment the parties intended to place upon the stock purchase.

Finally, the parties are in dispute as to how Shockey obtained possession of the Harden Insurance Agency stock certificate. Shockey claims the stock certificate was delivered to him by Harden. In contrast, Harden contends the stock certificate was illegally removed from the corporate books by Shockey. Again, a material issue of fact remains which renders summary judgment inappropriate.

Accordingly, we reverse the district court's order granting respondent's motion for summary judgment. We remand for further proceedings not inconsistent with this opinion.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[2] concur.

---

[1] Paragraph "2" of the parties' agreement states:

The purchase price for said stock shall be determined as follows: the value of the agency as reflected in its financial statement of December 31, 1971 and said promissory note shall be as set forth in Exhibit "A" attached hereto and shall be signed simultaneously with this agreement.

[2] The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case. Nev. Const., art. 6, § 19; SCR 10.