MARY ANN McGINNIS AND OWEN W. McGINNIS, APPELLANTS, v. CONSOLIDATED CASINOS CORPORATION, SAHARA-NEVADA CORPORATION, DEL E. WEBB CORPORATION AND DEL E. WEBB HOTEL CO., DBA THE MINT HOTEL & CASINO, RESPONDENTS.

No. 12859

September 23, 1982                                    650 P.2d 806

*Stanley W. Pierce,* Las Vegas, for Appellants.

*Dickerson, Miles, Pico, Mitchell & Wagner,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This case has previously been before the court in McGinnis v. Consolidated Casinos Corp., 94 Nev. 640, 584 P.2d 702 (1978), and the facts underlying the litigation are set forth in that opinion. In *McGinnis,* we reversed an order dismissing an amended complaint.

Following remand to the district court, respondents moved for summary judgment. Respondents argued that Chapter 616 of the Nevada Revised Statutes provided an exclusive remedy for an employee against his employer for injuries incurred during the course and scope of employment; that respondents had complied with Chapter 616; that appellant Mary Ann McGinnis had qualified for, and was receiving, Nevada Industrial Commission (NIC) benefits; that because the NIC remedy was exclusive under the facts presented here, the common law action against respondents was precluded; and that respondents were consequently entitled to judgment as a matter of law. The district court granted the motion without explaining its rationale. This appeal ensued.

The case presents two issues for review: (1) whether Mary Ann McGinnis was barred from pursuing a common law action in negligence against respondents because she has accepted NIC benefits; and (2) whether the record before the district court disclosed the existence of a genuine issue of material fact.

■■■■ ■

Attached to the motion for summary judgment was an affidavit of an NIC claims manager. The affidavit indicated, in part, that Mary Ann McGinnis had applied for, and was receiving benefits, but that no final disposition by the NIC had yet been made. Because the NIC claim was pending, Mary Ann McGinnis was not foreclosed from litigating her common law action against respondents in district court. *See* Stevenson v. Kollsman Mineral & Chem., 91 Nev. 529, 539 P.2d 463 (1975); First Nat'l Bk. v. Dist. Ct., 75 Nev. 77, 335 P.2d 79 (1959); McColl v. Scherer, 73 Nev 226, 315 P.2d 807 (1957).[1]

■■■■ ■■

With regard to the second issue, we note that the evidence is

---

[1] *McColl* and *First Nat'l Bk.* involved the same individual who was injured on the job. The facts of the earlier case disclose that the employee was receiving monthly compensation both at the time that she filed her complaint and thereafter. We held in *McColl*, in part, that filing a claim with the NIC did not bar the employee, under the theory of election of remedies, from pursuing a common law action.

We issued *First Nat'l Bk.* two years after our decision in *McColl*. During the intervening period, the NIC made a final award, which the employee had accepted. Under these changed circumstances, we held that the acceptance of a final award of industrial compensation destroyed the employee's common law rights. The principle that acceptance of a final NIC award precludes an employee from pursuing an action at law was subsequently applied in *Stevenson*.

As mentioned above, no final award has been made or accepted by appellant in the present case. Therefore, under *McColl* and *First Nat'l Bk.*, appellant's common law remedy has not been barred by an election of remedies.

to be viewed in a light most favorable to the party against whom summary judgment was rendered. Shockey v. Harden Insurance Agency, 98 Nev. 138, 643 P.2d 849 (1982). Our review of the record indicates that a genuine issue of material fact exists with respect to whether the alleged injury was sustained while Mary Ann McGinnis was within the course and scope of her employment. In the absence of clearly established employer immunity, summary judgment is not justified. Daniels v. Las Vegas Transfer & Stge., 97 Nev. 231, 627 P.2d 400 (1981).

Accordingly, the summary judgment is reversed, and the case is remanded for further proceedings.