KATHY L. BARJESTEH, Appellant, *v.* FAYE'S PUB, INC., dba MICHAEL'S PUB and MARTIN SCHWART-ZER, Respondents.

No. 20068

February 22, 1990                    787 P.2d 405

*George T. Bochanis,* Las Vegas, for Appellant.

*Barker, Gillock, Koning, Brown & Earley,* and *Jeffrey R. Gomel,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order granting respondents' motion for summary judgment. For the reasons set forth below, we reverse.

### FACTS

Taken in the light most favorable to appellant, the record indicates the following facts: Appellant Kathy L. Barjesteh was injured on March 16, 1986, while working as a cook at Michael's Pub in Las Vegas. Kathy's injuries occurred when respondent Martin Schwartzer intentionally and "violently" closed a refrigerator door on her arm. Martin is the majority stockholder of respondent Faye's Pub, Inc., dba Michael's Pub, and was Kathy's employer on March 16, 1986. Kathy filed a worker's compensation (SIIS) claim and has received temporary total disability payments. Kathy's SIIS claim remains open as no final compensation award has been tendered or accepted.

Kathy commenced a common law tort action against respondents on March 8, 1988. Her complaint alleges that Martin injured her while acting "in his capacity as an Officer, Director, Employee, Agent, and/or other representative of Faye's Pub, Inc., dba Michael's Pub. . . ." Respondents subsequently moved for summary judgment, asserting that Kathy's eligibility for or acceptance of SIIS benefits precludes her from pursuing a tort action. The trial court agreed and granted respondents' motion. This appeal followed.

## DISCUSSION

Summary judgment is proper when no genuine issue of material fact exists, and when the moving party is entitled to judgment as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985).

In the instant case, the district court ruled that SIIS was Kathy's exclusive remedy against both defendants. That ruling was in error. When an employer commits an intentional tort upon an employee, "the employer will not be heard to say that his intentional act was an 'accidental' injury and so under the exclusive provisions of the compensation act." 2A Larson, *Workmen's Compensation Law*, § 68.00 (1989). *See also* Sitzman v. Schumaker, 718 P.2d 657, 659 (Mont. 1986). Furthermore, because Kathy's complaint alleges Martin's corporate position in open-ended fashion, and because the record reveals that Martin is the majority shareholder and operator of Faye's Pub, Inc., it was also error to grant summary judgment in the corporate defendant's favor. Garcia v. Gusmack Restaurant Corp., 150 N.Y.S.2d 232, 234 (1954) (corporation subject to common law tort liability where president and operator of the corporation's bar and grill committed an intentional tort upon an employee).

In addition, the district court erred in ruling that Kathy has made a binding election of remedies by receiving SIIS benefits. We have previously held that until a final disposition of an SIIS claim is made, the injured employee is not precluded from maintaining a common law action against her employer notwithstanding the employee's acceptance of interim workmen's compensation payments. *See, e.g.,* McGinnis v. Consolidated Casinos Corp., 98 Nev. 396, 397, 650 P.2d 806, 807 (1982).

For the foregoing reasons, we reverse the order granting summary judgment and remand the case to the district court for further proceedings.