*773 OPINION

Per Curiam:

Appellant Victor Arteaga was injured in a vehicular accident while en route to his home in Colorado after completing a job in Steamboat, Nevada, for respondent Basic Industries, Inc. The truck in which Arteaga was a passenger was owned by Basic and operated by its foreman, respondent Luis Ibarra. Basic filed a workers’ compensation claim with the Nevada State Industrial Insurance System (SIIS) on behalf of Arteaga. Arteaga received SIIS benefits and was ultimately awarded approximately $19,000 in full settlement of his claim.
During the pendency of the SIIS proceedings, Arteaga filed the instant negligence action against Basic and Ibarra. Summary judgment was granted in favor of Basic and Ibarra on the grounds that Arteaga’s remedy under the Nevada Industrial Insurance Act (NIIA) was exclusive and that his acceptance of workers’ compensation benefits extinguished any common law claim he may have had against respondents.
We elect not to address the issue concerning the exclusivity of the NIIA remedy since the district court was correct in determining that Arteaga waived any common law remedy he may have had by accepting a final SIIS award. The entry of summary judgment against Arteaga was therefore proper.

FACTS

The antecedent facts to this controversy reflect that Arteaga was a Colorado resident who had been hired by Basic, a Colorado-based company, to insulate pipe on an as-needed basis. The job required Arteaga to travel to locations outside Colorado. When the employees were on location, their paychecks were mailed to a nearby post office. At the conclusion of a particular assignment, the workers were laid off until they were called to a new job assignment. The final paychecks for work on completed jobs were held at Basic’s offices in Grand Junction, Colorado, for pick up by the employees, most of whom resided in or near Grand Junction.
Several weeks before the accident at issue, Basic hired Arteaga to insulate pipe at a power plant in Steamboat, Nevada. Arteaga and another employee left for Steamboat in a company truck driven by Arteaga’s brother-in-law, Ibarra. Four other employees traveled to the job site in their personal vehicles. The Steamboat assignment was completed in the late morning hours of October 14, 1986. Although the men received their entire daily meal allowance for that date, they were to be paid only for the hours *774 actually worked. Six of the men, including Ibarra and Arteaga, left Steamboat at approximately 2:00 p.m. to return to Colorado; the seventh worker returned to his residence in Texas.
While en route to Colorado, the personal vehicle of one of the workers broke down and was loaded onto the Basic truck and trailer driven by Ibarra. The driver and passengers of the disabled vehicle joined another member of their group. Ibarra, Arteaga and a worker named Contreras continued toward Colorado in the Basic truck. Ibarra found that the truck handled differently after the disabled vehicle was loaded onto the trailer. Eventually Ibarra lost control of the truck and it overturned, causing Arteaga to suffer various injuries.
Basic filed a workers’ compensation claim on Arteaga’s behalf which was accepted by SIIS. In the meantime, Arteaga had retained Colorado counsel to represent him in connection with a potential claim against Basic and Ibarra.
Arteaga’s counsel was aware that Basic had filed the workers’ compensation claim on his client’s behalf and actually represented Arteaga throughout the SIIS proceedings. However, Arteaga’s attorney questioned whether his client was within the course of employment when the accident occurred and thought that Arteaga had a common law claim against Ibarra and Basic. Consequently, in October 1988, while the workers’ compensation claim was pending, Arteaga filed the instant tort action. Basic and Ibarra denied liability and asserted the statutory exclusive remedy as an affirmative defense. See NRS 616.270.[1]
In October of 1989, SIIS granted Arteaga a permanent partial disability award of thirteen percent and closed his claim. Arteaga, through his counsel, accepted a lump sum payment of approximately $19,000 in full settlement of his claim.
Basic and Ibarra initially moved for partial summary judgment on the issue of whether Arteaga was acting within the course and scope of his employment when the accident occurred. Before the district court ruled on the partial summary judgment motion, *775 Arteaga accepted the final SIIS award, thus prompting Basic and Ibarra to file a motion for summary judgment on grounds that Arteaga had waived any common law claim he may have had against Basic and Ibarra.
Arteaga opposed the motions, arguing that a material factual issue concerning Arteaga’s employment status remained. Arteaga also argued that there had been no binding election of remedies which would preclude him from proceeding with his common law action.
Both motions were granted. Relying upon California case law, the district court ruled that Arteaga was acting within the course and scope of his employment as a matter of law. In support of this ruling, the district court emphasized the fact that Arteaga was required to return to Colorado to pick up his final check and that it was Basic’s purported policy to furnish transportation to its employees. More importantly, however, the district court ruled that Arteaga’s acceptance of the SIIS award extinguished any common law claim Arteaga may have had against respondents.
On appeal, Arteaga contends that summary judgment was improper because a material factual dispute exists concerning whether Arteaga was an employee of Basic and acting within the course of his employment when the accident occurred. Arteaga also contends that he is not barred from pursuing a common law remedy since he did not voluntarily elect coverage under the Nil A.
As noted above, it is unnecessary to address Arteaga’s employment status at the time of the accident since any common law claim he may have had against Basic and Ibarra at that time was waived when Arteaga accepted the final settlement of his workers’ compensation claim.

DISCUSSION

Standard of Review

On appeal from summary judgment, this court is called upon to determine whether the district court erred in finding an absence of genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. Bird v. Casa Royale West, 97 Nev. 67, 624 P.2d 17 (1981). Because we review the entire record anew and without deference to the findings of the district court, in that sense our review is de novo. Caughlin Ranch Homeowners Ass’n v. Caughlin Club, 109 Nev. 264, 266, 849 P.2d 310, 311 (1993). On summary judgment, “the evidence is to be viewed in a light most favorable to the party against whom summary judgment was rendered.” McGinnis v. Consolidated Casinos Corp., 98 Nev. 396, 397-98, 650 P.2d 806, 807 (1982).

*776
Waiver of Common Law Remedies

The dispositive issue on appeal is whether Arteaga waived his right to pursue a common law action against Basic and Ibarra by accepting a final settlement of his workers’ compensation claim. Arteaga contends that the evidence does not support the finding of waiver or election of remedies because Basic — not Arteaga — filed the SIIS claim. Further, Arteaga argues that issues of material fact exist concerning: (1) whether Arteaga knew who or what SIIS was since he believed the benefits he received were being paid by the truck insurance; and (2) whether Arteaga knew that acceptance of benefits would preclude his common law action against Basic. In short, Arteaga maintains that he did not knowledgeably and voluntarily elect to accept SIIS benefits and that he is therefore entitled to pursue his common law claims against Ibarra and Basic. We disagree.
Acceptance of a final SIIS award extinguishes any common law right an injured person might have had against his employer. Stevenson v. Kollsman Mineral & Chem. Corp., 91 Nev. 529, 539 P.2d 463 (1975). By accepting the award, the employee, in effect, enters into an “accord and satisfaction of such common law rights and has accomplished a destruction of any right of action, merging it by accord with the compensation award she has accepted in its place.” First Nat’l Bank v. District Court, 75 Nev. 77, 82, 335 P.2d 79, 82 (1959).
In this case, SIIS informed Arteaga that he was granted a permanent partial disability award of thirteen percent and that his claim was closed as of October 9, 1989. Arteaga was given the option to receive annual payments of $1,249.80 until he reached age 70, or to receive a lump sum of approximately $19,000. Arteaga’s counsel advised SIIS of Arteaga’s desire to receive the lump sum and returned the necessary documents to effectuate that option. Arteaga accepted the final award on August 8, 1990.
The record belies Arteaga’s assertion that he involuntarily accepted SIIS benefits and erroneously believed that his medical expenses were being paid by Basic’s truck insurance. Arteaga acknowledged receiving benefits from the State of Nevada on a biweekly basis. Further, Arteaga was represented by counsel throughout the SIIS proceedings. Arteaga’s deposition testimony reveals that he directed any questions regarding the workers’ compensation proceedings to Otero, his Spanish-speaking attorney, who would answer his questions completely. Additionally, Arteaga was represented by local counsel. Presumably counsel knew or should have known through research, the effect the SIIS *777 proceedings, particularly the acceptance of the final SIIS award, would have upon Arteaga’s potential common law claim. This knowledge is imputable to the client. See Lange v. Hickman, 92 Nev. 41, 43, 544 P.2d 1208, 1209 (1976).
Finally, we reject Arteaga’s alternative assertion that he may proceed at common law against Ibarra as a third-party tortfeasor notwithstanding his acceptance of a final SIIS award.
In Molino v. Asher, 96 Nev. 814, 618 P.2d 878 (1980), a case upon which Arteaga erroneously relies, we held that an employee who injured a co-employee while outside the course of her employment was not exempt under the common law theory of liability. Our conclusion was based upon the fact that the employer could not be responsible for its employees’ conduct under the respondeat superior doctrine. 96 Nev. at 818, 618 P.2d at 880.
Unlike the tortfeasor employee in Molino, Ibarra was within the course of employment when the accident occurred since Ibarra was furthering Basic’s business by driving Basic’s truck back to Colorado. See Evans v. Southwest Gas Corp., 108 Nev. 1002, 1006, 842 P.2d 719, 721 (1992). Thus, Basic could have been vicariously liable for Ibarra’s alleged negligence; however, since Basic is insulated from common law liability, it is not subject to vicarious liability for Ibarra’s conduct. Similarly, Ibarra could not seek contribution or indemnification from Basic. See Outboard Marine Corp. v. Schupbach, 93 Nev. 158, 165, 561 P.2d 450, 454 (1977) (NIIA exclusivity provision insulates employers from liability by way of indemnity to a third party absent an independent duty from the employer to the third party).
Since Basic is exempt from common law liability, Ibarra, a Basic employee who was acting within the course of his employment, enjoys the same exemption.

CONCLUSION

For the reasons specified above, we affirm the summary judgment entered in favor of respondents.

NRS 616.270 provides:
1. Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment.
2. Travel for which an employee receives wages shall, for the purposes of this chapter, be deemed in the course of employment.
3. In such cases the employer shall be relieved from other liability for recovery of such damages or other compensation for such personal injury, unless by the terms of this chapter otherwise provided.