ADVANCED COUNTERTOP DESIGN, INC., A NEVADA
CORPORATION, PETITIONER, v. THE SECOND JUDICIAL
DISTRICT COURT OF THE STATE OF NEVADA, IN AND
FOR THE COUNTY OF WASHOE, AND THE
HONORABLE STEVEN R. KOSACH, DISTRICT JUDGE,
RESPONDENTS, AND NATHANIEL TENNEY, REAL PARTY IN
INTEREST.

No. 33660

September 23, 1999                              984 P.2d 756

*Lance R. Van Lydegraf,* Reno, for Petitioner.

*William Patterson Cashill,* Reno, for Real Party in Interest.

Before YOUNG, AGOSTI and LEAVITT, JJ.

## OPINION

*Per Curiam:*

This original petition for a writ of mandamus or prohibition challenges the district court's refusal to dismiss an intentional tort claim against petitioner. By order entered February 4, 1999, we stayed the underlying proceedings and called for an answer. Having reviewed the petition and answer, we conclude our intervention in this matter by way of extraordinary relief is warranted.

The facts in the underlying case are not in dispute. Real party in interest Nathaniel Tenney was injured on April 1, 1996, his first day at work for petitioner Advanced Countertop Design (ACD). As a result of Tenney's accident while using an unshielded table saw, he lost part of three fingers on his right hand. Tenney submitted a workers' compensation claim, which the State Industrial Insurance System (SIIS) accepted. In February 1997 SIIS granted Tenney a permanent partial disability (PPD) award and closed his claim. Tenney, through counsel, accepted and received a lump sum payment of more than $19,000 in full settlement of his claim.

In May 1997 Tenney filed a complaint against ACD seeking damages for negligence, negligence per se and intentional tort (specifically, for intentional, knowing and willful failure to provide safeguards for the table saw Tenney used). The district court dismissed the two negligence claims, but refused to dismiss the intentional tort claim. This writ petition followed. Although we generally decline to consider writ petitions that challenge district court orders denying motions to dismiss or for summary judgment, we may exercise our discretion when no factual disputes exist and the district court is obligated to dismiss an action pursuant to clear authority under a statute or rule. Smith v. District Court, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997). Additionally, this court may exercise its discretion when, as here, an important issue of law needs clarification, and considerations

of sound judicial economy and administration militate in favor of granting the petition. *Id.*

The law is well-established that compensation from SIIS is the sole remedy an injured employee has against his employer when the injury results from an accident arising out of and in the scope of his employment. Tucker v. Action Equip. and Scaffold Co., 113 Nev. 1350, 1353, 951 P.2d 1027, 1029-30 (1997); *see* NRS 616A.020(1) ("The rights and remedies provided in chapters 616A to 616D, inclusive, of NRS for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive, except as otherwise provided in those chapters, of all other rights and remedies . . . at common law or otherwise, on account of such injury."); NRS 616B.612(3) ("the employer or any insurer of the employer is relieved from other liability for recovery of damages or other compensation for those personal injuries unless otherwise provided by the terms of chapters 616A to 616D, inclusive").

We have consistently held that an injured employee's acceptance of a final SIIS award acts as an accord and satisfaction of common law rights, thereby extinguishing *any* common law right the employee might have had against his employer. Arteaga v. Ibarra, 109 Nev. 772, 776, 858 P.2d 387, 390 (1993) (citing Stevenson v. Kollsman Mineral & Chem., 91 Nev. 529, 539 P.2d 463 (1975); First Nat'l Bk. v. Dist. Ct., 75 Nev. 77, 82, 335 P.2d 79, 82 (1959)).

Tenney acknowledges this general principle. Because the exclusive remedy provisions of Nevada's workers' compensation statutes do not shield employers from liability for their intentional torts, however, Tenney contends *Arteaga* must mean that acceptance of a lump sum PPD award disposes of the workers' compensation claim and any negligence claim, but it does not bar an intentional tort claim. We disagree.

This court has recognized that employers do not enjoy immunity, under the exclusive remedy provisions of the workers' compensation statutes, from liability for their intentional torts. Workers' compensation covers only injuries caused by accident arising out of and in the course of employment. *See* NRS 616A.020(1). An employer who commits an intentional tort upon an employee cannot claim that the intentional act resulted in an accidental injury. Barjesteh v. Faye's Pub, 106 Nev. 120, 122, 787 P.2d 405, 406 (1990).

No conflict exists between *Arteaga* and *Barjesteh*. In each case, the injured employee was permitted only one recovery. The *Barjesteh* employee was allowed to pursue her common law intentional tort claim only because she had not elected to recover for an accidental injury.[1] As this court explained:

> the district court erred in ruling that [Barjesteh] has made a binding election of remedies by receiving SIIS benefits. We have previously held that until a final disposition of an SIIS claim is made, the injured employee is not precluded from maintaining a common law action against her employer notwithstanding the employee's acceptance of interim workmen's compensation payments.

*Barjesteh*, 106 Nev. at 122, 787 P.2d at 406.

In other words, applying *Arteaga's* analysis, the *Barjesteh* employee had not entered into an accord and satisfaction of her common law rights, and her right of action had not been merged by accord with a compensation award accepted in its place; consequently, the employee's common law right of action was not destroyed. *See Arteaga,* 109 Nev. at 776, 858 P.2d at 390. In contrast, Tenney was fully and completely compensated by SIIS for his injury; consequently, his common law right of action was destroyed, merged by accord with the compensation award he accepted in its place. *Id.*

In addition, to be eligible for the PPD award, Tenney was required to prove he sustained an accidental injury. *See* NRS 616C.490 (an employee "who is injured by an accident arising out of and in the course of employment is entitled to receive the compensation provided for permanent partial disability"). Having accepted benefits for an accidental injury, Tenney cannot now change his position, assert the injury was not accidental, and pursue an intentional injury claim. *See* Sterling Builders, Inc. v. Fuhrman, 80 Nev. 543, 549, 396 P.2d 850, 854 (1964) (" 'Under the doctrine of judicial estoppel a party may be estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding the contrary of the assertion sought to be made.' ") (quoting 31 C.J.S. Estoppel § 121, at 649).

---

[1]The injured employee in *Barjesteh* alleged in her complaint that she was injured when her employer intentionally and violently closed her arm in a refrigerator door. Although the employee had submitted a workers' compensation claim and had received some temporary total disability payments, this court held she had not made a binding election of remedies that would preclude her from pursuing the tort action because there had been no final disposition of her SIIS claim; the claim remained open, with no final award tendered or accepted. Barjesteh v. Faye's Pub, 106 Nev. 120, 121, 787 P.2d 405, 406 (1990).

Finally, Tenney's arguments that he did not know he was waiving his common law rights, and that public policy favors his position, are not persuasive. An injured employee making a statutory workers' compensation claim is charged with knowledge of the statutory scheme's provisions, including its exclusive remedy provision. *See First Nat'l Bk.,* 75 Nev. at 82, 335 P.2d at 82; NRS 616A.020(1); NRS 616B.612(3). And allowing Tenney to seek a workers' compensation award, accept it, and follow it with a common law action against his employer would be in direct conflict with the intent and spirit of workers' compensation, not in furtherance of it. *See id.* at 83, 335 P.2d at 82.

Although Tenney could have filed an intentional tort action instead of accepting a workers' compensation award for his injury, no law supports the district court's decision that he could do both. The district court was obligated to grant ACD's motion for summary judgment and dismiss the tort action because there are no genuine issues of material fact, and ACD was entitled to judgment as a matter of law. *See* NRCP 56(c). We conclude the district court manifestly abused its discretion in refusing to dismiss Tenney's tort claim.

Accordingly, we grant this petition. *See* NRS 34.160; NRS 34.170; Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981) (a writ of mandamus is available to control an arbitrary or capricious exercise of discretion). The clerk of this court shall issue a writ of mandamus compelling the district court to grant petitioner's motion to dismiss the intentional tort claim against petitioner. In light of this opinion, we vacate our order staying all proceedings in the district court.