An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BELLAGIO, LLC,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
and
JOYCE RHONE,
Real Party in Interest.

No. 66133

**FILED**

JUL 17 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR A WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order granting in part and denying in part a motion for partial summary judgment.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); *see* NRS 34.160. Writ relief is ordinarily not available "when an adequate and speedy legal remedy exists." *Rolf Jensen & Assocs., Inc. v. Eighth Judicial Dist. Court*, 128 Nev., Adv. Op. 42, 282 P.3d 743, 745 (2012) (internal quotations omitted); *see* NRS 34.170. The right to appeal, "after a final judgment is ultimately entered, will generally constitute an adequate and speedy legal remedy precluding writ relief." *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474, 168 P.3d 731, 736 (2007). The petitioner bears the

15-21645

burden of demonstrating that the extraordinary remedy of writ relief is warranted. *Las Vegas Sands Corp. v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 61, 331 P.3d 876, 878 (2014).

"[We] will only consider writ petitions challenging a district court denial of a motion for summary judgment when no factual dispute exists and summary judgment is clearly required by a statute or rule, or an important issue of law requires clarification." *Walters v. Eighth Judicial Dist. Court*, 127 Nev., Adv. Op. 66, 263 P.3d 231, 234 (2011). Summary judgment is only appropriate when "no genuine issue of material fact exists" and the party obtaining the judgment "is entitled to judgment as a matter of law." *Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005) (setting forth the standard for summary judgment under NRCP 56).

In the present case, real party in interest Joyce Rhone was working for her employer, petitioner Bellagio, LLC, when an off-duty coworker attacked her. Rhone sued Bellagio and the coworker, alleging, among other things, that Bellagio negligently hired, supervised, and retained the coworker. Bellagio filed a motion for summary judgment, arguing in relevant part that (1) the Nevada Industrial Insurance Act (NIIA) provides Rhone's exclusive remedy and, thus, precludes her tort claims and (2) Rhone's punitive damages claim was improper. Rhone did not file a motion for summary judgment to preclude Bellagio's use of the NIIA exclusive remedy provision as an affirmative defense.

The district court denied Bellagio's motion with regard to the application of the NIIA's exclusive remedy provision because it found, based on the facts of the case, that Rhone's injuries were not causally connected to her job. Thus, despite the fact that Rhone did not file a motion for summary judgment, the district court summarily resolved the

 

issue of the application of the NIIA's exclusive remedy provision in her favor. The district court denied Bellagio's motion for summary judgment with regard to Rhone's punitive damages claim because it found that there were genuine issues of material fact regarding whether punitive damages could be supported. Bellagio then filed the present petition for a writ of mandamus seeking intervention from this court to compel the district court to grant its motion for summary judgment on these issues.

*The district court erred by finding that the NIIA's exclusive remedy provision could not apply in this case*

When an employee is injured in the course of employment and the injury arises out of the employment, the NIIA provides the employee's exclusive legal remedy. NRS 616A.020(1); *Fanders v. Riverside Resort & Casino, Inc.*, 126 Nev. 543, 549, 245 P.3d 1159, 1163 (2010). "An injury is said to arise out of one's employment when there is a causal connection between the employee's injury and the nature of the work or workplace." *Wood*, 121 Nev. at 733, 121 P.3d at 1032. If an employee is attacked while at work, the resulting injury can arise from the employment and be subject to the NIIA if the employment created or increased the employee's risk of being attacked. *See Cummings v. United Resort Hotels, Inc.*, 85 Nev. 23, 27, 449 P.2d 245, 248 (1969). "However, workers' compensation statutes do not apply when the animosity or dispute which culminates in the assault is imported into the place of employment from the injured employee's private or domestic life, . . . at least where the animosity is not exacerbated by the employment." *Wood*, 121 Nev. at 734, 121 P.3d at 1033 (internal quotations omitted); *see also McColl v. Scherer*, 73 Nev. 226, 230, 315 P.2d 807, 809 (1957) (stating the same).

In the present case, the district court found that the NIIA's exclusive remedy provision did not apply to Rhone's claims because

Rhone's resulting injuries were not related to risks associated with her employment. This factual finding and the resulting legal conclusion were made in error because the record reveals a genuine issue of material fact as to whether Rhone's employment caused or exacerbated her risk of attack. *See Wood*, 121 Nev. at 731, 733-34, 121 P.3d at 1031-33. Because the district court made factual determinations about material facts that were in dispute and resolved an issue that was not presented to it in a motion for summary judgment, extraordinary intervention is warranted to correct the district court's determination that the NIIA's exclusive remedy provision does not apply to Rhone's claims. Instead, that is a question to be resolved by the jury. Therefore, we grant the petition in part and direct the district court to vacate the portion of its order that found that the NIIA's exclusive remedy provision does not preclude Rhone's tort claims.

Despite its factual findings that were made in error, however, the district court's denial of Bellagio's motion was proper because the existence of a genuine issue of material fact precludes summary judgment. *See Holcomb v. Ga. Pac., LLC*, 128 Nev., Adv. Op. 56, 289 P.3d 188, 200 (2012) (affirming a district court order that reached the correct result albeit for the wrong reasons). Thus, extraordinary intervention is not warranted to reverse the portion of the district court's order denying Bellagio's motion for summary judgment on this issue.

*On the issue of punitive damages, Bellagio has an adequate remedy in the form of an appeal and, thus, extraordinary relief is not warranted*

The district court did not resolve the issue of whether Rhone is entitled to recover punitive damages from Bellagio. Whether punitive damages are recoverable is an issue that is readily reviewable on appeal. *See Wyeth v. Rowatt*, 126 Nev. 446, 474-75, 244 P.3d 765, 784-85 (2010). Thus, Bellagio has an adequate and speedy remedy to address this issue

should the district court permit Rhone to present this issue to the jury. *See D.R. Horton*, 123 Nev. at 474, 168 P.3d at 736. Therefore, Bellagio has not demonstrated that extraordinary intervention is warranted with regard to this issue.

*Conclusion*

The district court erred by finding that the facts of the case preclude the application of the NIIA's exclusive remedy provision because there is a genuine issue of material fact as to whether Rhone's injuries arose from a risk associated with her employment. However, because of this genuine issue of material fact, the district court did not err by denying Bellagio's motion for summary judgment on this issue. Furthermore, Bellagio has not demonstrated that extraordinary relief is warranted with regard to the district court's denial of its motion for summary judgment on the issue of punitive damages. Therefore, we

ORDER the petition GRANTED IN PART AND DENIED in PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate the portion of its order that improperly found that the NIIA's exclusive remedy provision does not preclude Rhone's tort claims.

_____, C.J.
Hardesty

_____, J.
Saitta

_____, J.
Gibbons

 

cc: Hon. Rob Bare, District Judge
Kravitz, Schnitzer & Johnson, Chtd.
Harold P. Gewerter, Esq., Ltd.
Pitaro & Fumo, Chtd.
Eighth District Court Clerk