IN THE SUPREME COURT OF THE STATE OF NEVADA

WYNN RESORTS LIMITED; JOHN J. HAGENBUCH; RAY R. IRANI; JAY L. JOHNSON; ROBERT J. MILLER; PATRICIA MULROY; CLARK T. RANDT, JR.; ALVIN V. SHOEMAKER; J. EDWARD VIRTUE; D. BOONE WAYSON; AND MATTHEW MADDOX,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE TIMOTHY C. WILLIAMS, DISTRICT JUDGE,
Respondents,
and
BRUCE BANNISTER; LANA TALAMAS; HOWARD MEADOWS; GERALD OONIGIAN; LARRY CLERKS; JOE TILLOTSON; JOHN KALISH; FLORENCE KALISH; MARVIN MYERS; WILLIAM CAPRONI; RODNEY V. JOHN; A. LARAIN JOHN; CLIFFORD NAZZARO; AND LAWRENCE WEINER,
Real Parties in Interest.

No. 80270

FILED

JUL 27 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER GRANTING PETITION*

This original petition for a writ of mandamus or prohibition challenges a district court order denying motions to dismiss direct shareholder claims for lack of standing.

Entertaining a writ petition is discretionary. *Scarbo v. Eighth Judicial Dist. Court*, 125 Nev. 118, 121, 206 P.3d 975, 977 (2009). Writ

20-27168

relief may be warranted when, among other things, "no factual dispute exists and the district court is obligated to dismiss an action pursuant to clear authority under a statute or rule,"[1] *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 147, 42 P.3d 233, 238 (2002), and "the district court manifestly abuses its discretion by improperly refusing to dismiss an action," *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 122 Nev. 132, 142, 127 P.3d 1088, 1096 (2006).

Petitioners argue that the clear authority requiring dismissal here is the direct-harm test. The direct-harm test "allows a direct claim when shareholder injury is independent from corporate injury." *Parametric Sound Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 417, 419, 401 P.3d 1100, 1102 (2017). It asks "(1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" *Id.* at 426, 401 P.3d at 1107 (quoting *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004)). "In answering the first question . . . the relevant inquiry is: 'Looking at the body of the complaint and considering the nature of the wrong alleged and the relief requested, has the plaintiff demonstrated that he or she can prevail without showing an injury to the corporation?'" *Id.* at 426, 401 P.3d at 1107-08 (quoting *Tooley*, 845 A.2d at 1036). Petitioners argue that the claims against them were not independent from the injury to Wynn Resorts (the

---

[1]A "rule" includes caselaw. *See Advanced Countertop Design, Inc. v. Second Judicial Dist. Court*, 115 Nev. 268, 269-70, 984 P.2d 756, 758 (1999) (explaining that caselaw obligated the district court to dismiss).

Company), so they were derivative, and because the claims were derivative, real parties in interest (RPIs) lacked standing to sue directly.[2]

RPIs agree with petitioners that the direct-harm test is clear, but argue that it did not obligate the district court to dismiss. They reason that they suffered direct harm because they realized losses by selling their shares, so they have standing to bring direct claims.

We elect to entertain the petition because the direct-harm test is clear authority requiring dismissal. Although the district court cited the dispositive rule that a plaintiff must "demonstrate[ ] that he or she can prevail without showing an injury to the corporation," *Parametric*, 133 Nev. at 426, 401 P.3d at 1107 (quoting *Tooley*, 845 A.2d at 1036), it concluded that RPIs' claims were direct. It reasoned that RPIs "need not show an injury to the entire corporation" to prevail because their claims "spring from the intersection of the sudden, public disclosure of Defendants' alleged misconduct, the market's reaction to that information, and [RPIs'] individual conduct." But this is true only insofar as the Company's injury can be semantically reshaped as no injury at all. If transforming the

---

[2]Petitioners' account of the derivative suits includes no corresponding records in their appendix. They also fail to cite the record for many other factual contentions, and the citations they do include are not to pages in the record but to "exhibits." While NRAP 28's rules for briefs do not expressly apply to petitions, we nonetheless urge petitioners to observe them. Those rules include NRAP 28(a)(8), which requires "appropriate references to the record" for the statement of facts, and NRAP 28(e)(1), which requires "a reference to the page and volume number, if any, of the appendix" for "every assertion in briefs regarding matters in the record."

derivative harm of depreciated stock value into a direct harm were as simple as that, then the direct-harm test would be nugatory. A corporation's injury could (and undoubtedly would) in every instance be written out with similarly innocuous language, making any derivative claim direct.

We instead conclude that the alleged misconduct directly injured the Company and caused its stock value to depreciate, whence arose RPIs' derivative claims. *See Parametric*, 133 Nev. at 427, 401 P.3d at 1108 (holding that shareholder claims were derivative because "the shareholders seek damages resulting from dilution of equity and have failed to articulate a direct harm without showing injury to the corporation"). Whether or not RPIs sold their shares, they cannot prevail without showing the Company's injury, so their claims are derivative under the first prong of the direct-harm test and they lack standing to bring them directly. *See id.* at 423, 401 P.3d at 1105 ("[S]hareholders have standing to bring suit for direct injuries they have suffered and that are separate from any injury the corporation may have suffered without making a demand on the board of directors."). They cite no authority and offer no persuasive arguments supporting the proposition that selling their shares somehow made their claims direct.

Because the direct-harm test obligated the district court to grant petitioners' motion to dismiss, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order denying petitioners' motions to dismiss and

to issue a new order dismissing RPIs' claims for lack of standing under the direct-harm test.[3]

_____ , C.J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Stiglich

_____ , J.
Cadish

SILVER, J., concurring:

I concur in the result only.

_____ , J.
Silver

_____

[3]We likewise vacate the stay we ordered on January 7, 2020.

cc:	Chief Judge, Eighth District Court
	Hon. Timothy C. Williams, District Judge
	Snell & Wilmer, LLP/Las Vegas
	Kirkland & Ellis LLP/Los Angeles
	Kirkland & Ellis LLP/New York
	Kemp, Jones & Coulthard, LLP
	Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A